## RUSSELL BLAKELEY *vs.* WILLIAM G. LE DUC.

### March 30, 1876.

**Action by Stage Company against Ferry Company for Negligence Resulting in Death of Stage Passenger—Cause of Action Assignable.**—In 1863 B., M. and plaintiff, as partners under the name of J. C. B. & Co., were engaged in transporting passengers by stage between LaCrosse and St. Paul. The defendant and others owned and operated a ferry-boat across the Mississippi river at Hastings, in this state. In attempting to cross on the ferry-boat, on March 27, 1863, the stage-coach fell into the river, and Matthew McLean, a passenger, was drowned. McLean's administratrix thereupon brought an action against the stage company, under Gen. St. ch. 77, § 2, and in January, 1868, recovered judgment for $5,496.84. The plaintiff brought the present action on March 5, 1869, alleging that defendant, for a certain fare to be paid him by said company, undertook safely and securely to transport said company's coach, and passengers therein, (of whom McLean was one,) by means of the ferry aforesaid, across the Mississippi river, and that, through defendant's failure to perform such undertaking, the coach and passengers were precipitated into the river, and McLean drowned. *Held*, 1. That the cause of action is defendant's failure to perform his contract with the partnership, and that it is assignable.

**Same—Statute of Limitations.**—2. That the two years limitation applicable to the action brought by the administratrix of McLean, under Gen. St. ch. 77, § 2, does not apply to the action at bar, which could be brought at any time within six years after the breach complained of, as an action upon a contract, under Gen. St. ch. 66, § 6.

**Same—Transfer of Cause of Action by Firm to one Partner.—3.** That J. C. B. & Co.'s cause of action against defendant was personal property, and the interest of B. and M. therein, and in all its incidents, passed to plaintiff by the operation of a written instrument, executed by B., M. and plaintiff, dissolving their partnership, and providing that all the personal property of J. C. B. & Co. should be "retained by, and be the property of," the plaintiff.

**Same—Incidents to Principal Cause of Action.—4.** That plaintiff's right to recover, on account of the recovery and payment of the judgment recovered by the administratrix, was a mere incident of J. C. B. & Co.'s original cause of action against defendant, and, as such incident, passed to plaintiff by virtue of the instrument above mentioned.

**Same—Issue in this Case.—5.** That, upon the pleadings in this case, the substantial issue, as respected the question of negligence, was this, viz.: "Was the stage company or defendant in charge of the ferry at the time of the accident?"

**Irrelevant Evidence Rejected.—**Certain testimony, offered for the purpose of showing negligence, *held* to have been properly rejected, as having no relation to this issue.

**Defect of Parties, how Objected to.—**Defect of parties defendant can be objected to only by answer or demurrer.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial, after verdict for plaintiff. See *Blakeley* v. *Le Duc,* 19 Minn. 187 ; *McLean* v. *Burbank,* 11 Minn. 277 ; *s. c.,* 12 Minn. 530.

*Gilman, Clough & Lane* and *Bigelow, Flandrau & Clark,* for appellant.

*Lorenzo Allis* and *John B. Brisbin,* for respondent.

BERRY, J.[1] In 1863, J. C. Burbank, John L. Merriam and the plaintiff, as partners under the name of J. C. Burbank & Co., were engaged in transporting passengers, by stage, between LaCrosse and St. Paul. The defendant and others owned and operated a ferry-boat across the Mississippi river at Hastings, in this state. In attempting to cross on the ferry-boat, on March 27, 1863, the stage-coach fell into the river, and Matthew McLean, a passenger therein, was drowned. McLean's administratrix thereupon brought an action against the stage company, under Gen. St. ch. 77,

---

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.

§ 2, and in January, 1868, recovered judgment for $5,496.84. The plaintiff brought the present action on March 5, 1869, alleging that the defendant, at the request of the stage company, did, in consideration of a certain fare to be paid him by said company, undertake safely and securely to carry and transport the stage-coach and passengers therein—of whom said McLean was one—by means of his said ferry, across the Mississippi river; that, through defendant's negligent and careless failure to perform such undertaking, by failing to provide and use safe and sufficient fastenings to fasten the boat to the shore, the coach and passengers were precipitated into the river, and the said Matthew McLean thereby drowned.

Plaintiff further alleges that after the commencement of, and before final judgment in, the action brought by the administratrix, the partnership above mentioned was dissolved, Burbank and Merriam withdrawing therefrom; that, on such dissolution, Burbank and Merriam sold and assigned to plaintiff all their right and interest in the claim of J. C. Burbank & Co. against the defendant, for the breach of his undertaking aforesaid; that plaintiff undertook to discharge the liability of the company on account of the death of Matthew McLean, and that he has accordingly paid the judgment recovered by the administratrix.

1. From this brief summary of the complaint it will be apparent that the action is founded upon an alleged breach of duty upon defendant's part—that is to say, upon his failure to perform his contract with the stage partnership. Such a cause of action is assignable. An action upon it is not brought under Gen. St. ch. 77, § 2, under which the action was brought by the administratix of McLean. The two years limitation applicable to the latter action, therefore, does not apply to the action at bar, which, as an action upon a contract, could be brought at any time within six years after the breach complained of. Gen. St. ch. 66, § 6.

2. To prove the alleged assignment by his partners to

himself, the plaintiff introduced a written instrument, dated July 1, 1867, and executed by Burbank, Merriam and himself, by the terms of which the copartnership of J. C. Burbank & Co. is dissolved, and which contains the following provisions: "All the property, real and personal, of every name and nature, including book accounts, bills receivable, mail contracts, etc., belonging to the said J. C. Burbank & Co., is to be retained by, and be the property of, the said Russell Blakeley, * * * and said Blakeley further agrees to assume and settle the following unadjusted and disputed claims against said copartnership, to wit, the claim of Josephine McLean, (the administratrix before mentioned,) in suit, and now pending in the supreme court of the state of Minnesota." The omitted portions of the instrument are not here important.

The right of action of J. C. Burbank & Co. against the defendant, for the breach of his contract, was personal property. It follows that, under the operation of the instrument, the interest of Burbank and Merriam in the same passed to the plaintiff, so that he became sole owner of the entire right of action and of all its incidents. The fact that, at the time when the instrument was executed, the judgment in favor of the administratrix had not been recovered or paid, is, therefore, unimportant. The right of action of J. C. Burbank & Co. accrued at the time when the defendant broke his contract. The recovery of judgment by the administratrix, and its payment, were matters affecting, not the right of action which accrued to J. C. Burbank & Co., but the extent of the recovery upon it. In other words, the right of J. C. Burbank & Co., and of the plaintiff as their successor in interest, to recover the amount paid in satisfaction of any judgment which might be recovered by the administratrix of McLean, was a mere incident of the right of action which accrued to J. C. Burbank & Co. at the time of the breach of defendant's contract. It follows that the instrument was properly received in evidence, and

that the instructions of the court, in reference to its effect as evidence of an assignment, were entirely correct.

3. The defendant's answer denies the allegations of the complaint, to the effect that defendant undertook the safe and secure transportation of the coach and passengers, and further denies that the injury and damage complained of were produced by the act, consent, negligence or misconduct of the defendant, his servants or agents. The answer then proceeds to allege that, prior to the time of the accident, the ferry had been operated from a certain point on the Hastings side of the Mississippi to the opposite bank; that, prior to the accident, the plaintiff and J. C. Burbank and J. L. Merriam, being copartners, by their servants and agents, procured and induced the ferry-man having charge of the ferry-boat used at the point aforesaid to remove it further down the river, to the steamboat levee in the city of Hastings, and agreed and undertook, in case the ferry-man would so remove the boat, that they would take charge of and operate the same whilst crossing their stages and teams, and, whilst so engaged, would secure the fastenings of the boat, so that their stages could be safely and securely driven from the shore to the boat; that the ferry-man consented, and removed the boat to the levee, as requested by the agent acting for, and on behalf of, said copartners, who had then and there committed the charge, control and direction of their stages to said agent; that thereupon, while said copartners were engaged in transporting the said McLean, the said copartners, by their agents, took charge of the ropes and fastenings to said boat, so removed at their request, and, while in charge of said copartners, "the same was so insecurely held and improperly fastened by" said copartners, their agents and servants, "and so carelessly and negligently held, and so insecurely fastened by them, that at the time said stage, with the said McLean on board, passed from the shore to and upon said boat, the said ropes, by means of the negligence and carelessness of

said copartners, by their said servants and agents, then and there gave way, and the said stage was then and there, by reason of the said carelessness and acts of said copartners, and without the knowledge, consent, act or negligence of this defendant, * * * precipitated into the river, * * * and the said Matthew McLean suffocated and killed."

Upon the pleadings it will be seen to stand admitted that the accident resulted from the insecurity and insufficiency of the fastenings by which the boat was held to the shore. The complaint alleges that the defendant was in charge of the boat; that he was, therefore, responsible for the fastenings and insufficiency of the fastenings. The answer alleges that the stage company was in charge of the boat, and that they were, therefore, responsible for the insecurity and insufficiency of the fastenings. So far as the question of negligence is concerned, the only substantial issue upon this state of the pleadings is, was the stage company or the defendant in charge of the ferry at the time of the accident?

Defendant "offered to show that the ferry-man had no authority from the ferry company, and was instructed not to run the ferry at any other than the established place, and that this fact was communicated to White, the agent of the stage company, at the time the ferry-boat was moved, in the spring of 1863." Defendant also offered to show "that at the time of the accident there was another route from Hastings to St. Paul, by which the ferry could be avoided, and a better road had, with only an increased distance of two or three miles, and that the stages sometimes went that way." Defendant further offered to prove that "the ferry-man told the stage agent at Hastings, the day before the accident, of the insecurity of the shore fastenings, and that it was dangerous ferrying the stage across there, and that he wanted him to send the stages around by the West St. Paul bridge until the ice was out of the river at the usual place of crossing, and that no safer shore fastenings could be made than were already there;

that the fastening remained as it was, with the knowledge of Mr. White, the stage agent, up to the time of the accident.'' All of these offers were properly rejected for irrelevancy. None of them had any relation to the only substantial issue upon the question of negligence.

Defendant's offer to show the arrangement entered into between the ferry-man and White was properly rejected, because there was no evidence, nor offer of evidence, tending to show that White had any authority to make any such arrangement.

The fifth instruction requested by the defendant was properly refused. If there was any defect of parties defendant in the case, it could be objected to only by answer or demurrer. Gen. St. ch. 66, §§ 74, 77, 78. Neither of these exclusive modes of objection was resorted to in this case.

Order affirmed.