## HUDSON COAL CO. v. HAUF.
### (No. 616.)

JUSTICES OF THE PEACE—ERROR—QUESTIONS FOR CONSIDERATION WITHOUT BILL OF EXCEPTIONS—PLEADINGS—CONSTRUCTION—FILING—PRACTICE IN JUSTICE'S COURT—GENERAL APPEARANCE—GARNISHMENT—ACTION AGAINST GARNISHEE UPON UNSATISFACTORY ANSWER—DEFECT IN PETITION—WHEN CURED BY JUDGMENT—APPEAL AND ERROR.

1. Where there is no bill of exceptions in a case taken on error to the District Court from a judgment rendered by a Justice of the Peace, the only questions properly before the District Court are whether the Justice of the Peace had jurisdiction, and whether the pleadings are sufficient to sustain the judgment.

2. A petition in error was filed in the District Court complaining of a judgment rendered by a Justice of the Peace, and stating that "a transcript of the docket entries and original papers in said cause are filed herewith"; said papers and the petition in error being marked "Filed" by the Clerk of Court. Attached to the transcript was a petition, and other papers entitled in the case certified by the Justice to be all the original papers filed before him in the case, naming them, and all, including the transcript, under one cover, upon which the only indorsement of filing by the Clerk appeared. The transcript of the Justice's docket stated that a petition was filed. *Held,* that the petition sufficiently appears to be the petition referred to in the transcript as having been filed with the Justice, although not marked "Filed" by the Justice.

3. On the return day of a summons in a Justice's court the plaintiff asked for and was granted a continuance with the consent of defendant's attorney. When the case was again called the defendant appeared specially by its attorney who filed a motion to quash for the reason that summons was not served and returned as required by law. The motion was overruled, and the defendant then filed an affidavit and motion to dismiss on the same ground as stated in the motion to quash, and on the further ground of the pendency on appeal of other actions between the same parties for the same cause. *Held,* that the acts of the defendant constituted a general appearance.

4. The answer of a garnishee cannot be controverted in the original action, nor can any judgment be rendered against him in that action, except to order him to deliver the property or pay any indebtedness to the principal defendant into court, either for a failure to answer, for an unsatisfactory disclosure, or upon an admission of an indebtedness to the defendant. By the service of the garnishment process upon him, the garnishee becomes liable to the plaintiff in the attachment suit for any debt he then owes to the defendant in that suit; but whether he owes such debt, and the amount thereof, if he fails to answer or to make satisfactory disclosure, or denies indebtedness, cannot be determined in that suit, but is to be determined in a separate action by plaintiff against the garnishee, in which separate action jurisdiction of the person is acquired in the same manner as in any other civil action for the recovery of money only.

5. In Justice's court the pleadings are to be liberally construed.

6. Where the defect in a petition is in the manner of stating a good cause of action, and not a total failure to state a cause of action, and the defendant appears without objecting to the sufficiency of the pleading by demurrer or motion, or to the evidence, such defect in the pleading is cured by the judgment.

7. In an action by the plaintiff in an attachment suit against a garnishee, the petition alleging that the disclosure of the garnishee in his answer in the attachment suit was unsatisfactory to the plaintiff, and that the principal defendant in the attachment suit had therein confessed judgment for a stated amount and costs, the petition is not objectionable on the ground of a total failure to state a cause of action, but there is rather a defective statement of a good cause of action, which defect was cured by judgment in favor of the plaintiff, the defendant having appeared and failed to object to the petition by demurrer or motion, or to the evidence.

8. In such case, where the cause is before the District Court on error from a Justice's court, and there is no bill of exceptions, the District Court cannot do otherwise than presume that the evidence was sufficient to prove the rendition of final judgment in favor of the plaintiff and against the principal defendant in the attachment suit.

9. Where a case is taken on error from an inferior court to an intermediate appellate court, and the judgment of the inferior court is there affirmed, and the case is then taken on error to the court of last resort, the only questions that can be considered are those presented to the intermediate appellate court; the court of last resort determining only whether or not the intermediate appellate court erred in its decision on the record presented to it.

[Decided June 4, 1910.] (109 Pac. 21.)

ERROR to the District Court, Fremont County, HON. CHARLES E. CARPENTER, Judge.

The material facts are stated in the opinion.

*W. E. Hardin* and *Kinkead & Mentzer,* for plaintiff in error.

Error was prosecuted from a judgment of a Justice of the Peace to the District Court by the plaintiff in error, and

it was claimed: (1) That the justice had no jurisdiction over plaintiff in error for the following reasons: (a) There was no pleading filed with the justice as contemplated by law. (b) If a pleading was filed, the service of summons was not in accordance with law, to all of which objection was properly made. (2) That judgment could not be rendered against the plaintiff in error until judgment had first been rendered against the defendants in the attachment cases, which fact should have been alleged and proved. (3) The laws of this State do not recognize such a thing as a garnishee defendant. There was nothing in the summons to apprise the defendant of the nature of the plaintiff's claim and it was therefore void. The return did not comply with the statute, and the motion of plaintiff in error to quash the service should have been sustained. Before action can be maintained against a garnishee the condition provided for in Section 4020, Revised Statutes, must be observed, viz: that final judgment shall not be rendered against the garnishee until the action against the defendant in attachment is determined. The petition is insufficient for the reason that it does not show the rendition of a judgment against the attachment defendants. The mere statement that judgment was confessed does not show that judgment was rendered. The petition does not show that the answer of the garnishee was reduced to writing, nor that there had been any order by the justice requiring the garnishee to pay anything into court. (23 Cyc. 668, 716; Becker v. Breen, (Neb.) 94 N. W. 614; Hunels v. Miller, 52 Miss. 845; Beaupre v. Brigham, (Wis.) 48 N. W. 596; Frisk v. Reigelman, (Wis.) 43 N. W. 1117, 44 id. 766; 20 Cyc. 1110; Ry. Co. v. Ward, (Ala.) 26 So. 234.) The petition not stating facts sufficient to constitute a cause of action will not support a judgment. (Crewdson v. Nefsy Co., 14 Wyo. 61; Nichols v. Com'rs., 13 Wyo. 1; Pointer v. Jones, 15 Wyo. 1.) It is permissible to examine errors not assigned, and it is customary to review jurisdictional errors appearing on the face of the record. (Clendenning v. Guise,

8 Wyo. 91; Leathers v. Geitz, (Ia.) 112 N. W. 191; Wearne v. France, 3 Wyo. 273.) The allegation that the attachment defendant confessed judgment states merely a conclusion of law. (Ry. Co. v. Rogers, (W. Va.) 62 L. R. A. 188.) It is necessary that the petition show that there is a fund in the hands of the garnishee which can be reached by the proceedings. This is not properly alleged. Again, the petition is fatally defective for the failure to show the jurisdiction over the garnishee in the original action. This action is purely statutory which requires that all the jurisdictional prerequisites be alleged. (Clendenning v. Guise, *supra.*) To allege that a party "was made garnishee defendant" in an alleged action does not sufficiently show that such party was duly served with summons in the garnishment proceedings, and the averment that the corporation garnishee "appeared by its general manager" does not cure the jurisdictional defect. (Wells v. Ex. Co., (Wis.) 11 N. W. 537; Stein v. Norton, 45 Wis. 412; State v. Duncan, (Neb.) 56 N. W. 217.) The requirement as to alleging service upon the garnishee applies with particular force where, as in this case, the garnishee is a corporation, and it should appear that the statutory provisions as to service upon a corporation was complied with. The statute does not provide that a garnishee may confer jurisdiction by his appearance without proper service of process. He is a stake holder, and must be impartial. He cannot voluntarily place the creditor's debt within the jurisdiction of a court that it may be taken by some other person. (Drake on Attachment, 451b; Schindler v. Smith, 18 La. Ann, 476; Wade on Attachment, 336.) This court cannot assume that any summons was issued or served upon the attachment defendant in the actions wherein it is claimed that plaintiff in error was garnishee defendant. (Garbanati v. Beckwith, 2 Wyo. 213.)

*M. C. Burk,* for defendant in error.

The summons was properly served upon the plaintiff in error, having been served upon its general manager, and

the return shows a proper service. The defendant made a general appearance when it appeared by its attorney and consented to a continuance. (Kirkpatrick &c. Co. v. Electric Co., 65 N. E. 913.) It was a general appearance also to file the motion to dismiss the action, and thereby the company submitted to the jurisdiction of the court. (Mason v. Alexander, 7 N. E. 435.) Garnishment proceedings are collateral to the principal suit, and the action against the garnishee is a collateral proceeding. It is true that no judgment can be rendered against the garnishee until judgment has been rendered against the principal defendant, but when judgment is so rendered, the only right the garnishee has is to inquire into the jurisdiction in the principal case. Any mere irregularities in that case cannot be brought in question by the garnishee, for he will be protected in paying the judgment. (Roofing Co. v. Macey, 3 N. E. 417; Furnace Co. v. Mfg. Co., 54 N. E. 990; Kirk v. Dearth, 49 N. E. 413; Dalton v. Debbs, 32 N. E. 570.)

A bill of exceptions is necessary to bring to the consideration of this court matters not wholly a part of the record. There are, therefore, but two questions before the Court: (1) Does the record show jurisdiction of the Justice of the Peace, or the District Court to render judgment? (2) Does the record disclose facts sufficient to support a judgment? There may be a want of jurisdiction shown by the evidence when the record shows on its face that there is jurisdiction. It was not necessary that the petition against the garnishee set forth all the facts as to his answer. The manner of securing jurisdiction in the attachment suits is a matter of evidence, as well as the manner of service upon the defendant. They are not matters shown by this record. It is urged that no appearance of a garnishee can give the court jurisdiction. But the appearance which we claim was made by the garnishee by the motions filed in the case is the appearance in the present case, and surely he can make himself liable to the jurisdiction of the court by his voluntary appearance in this case. It was

unnecessary to allege matters anticipating the defense. The ultimate facts are all that is necessary to be pleaded. ·

BEARD, JUSTICE.

In this case the defendant in error, Hauf, recovered judgment against the plaintiff in error, Hudson Coal Company, in justice's court for $138.15 and costs. The Coal Co. took the case to the District Court on error, where the judgment of the justice was affirmed. The Coal Co. brings the case here on error.

The action was brought by Hauf against the ·Coal Co. as garnishee in three suits brought by Hauf against three different defendants, on the ground that the disclosure of the garnishee in its answer in each of said cases was unsatisfactory to the plaintiff. The action was brought under the provision of Section 4476, R. S. 1899, Section 5340, Wyoming Compiled Statutes 1910, as follows: "If the garnishee fails to appear and answer, or if he appears and answers, and his disclosure is not satissafctory to· the plaintiff, * * * * the plaintiff may proceed against him in an action in his own name, as in other actions, and thereupon such proceedings may be had as in other actions, and judgment may be rendered in favor of the plaintiff for the amount of the property, and the credits of every kind of the defendant, in the possession of the garnishee, and for what shall appear to be owing by him to the defendant, and for the costs of the proceeding against the garnishee, * * * The judgment in this action may be enforced as judgments in other actions." Sec. 4477, R. S. 1899, Sec. 5341, Comp. Stat. 1910, provides, "Final judgment shall not be rendered against the garnishee until the action against the defendant in attachment has been. determined." Sec. 4458, R. S. ·1899, Sec. 5321 Comp. Stat. 1910, provides, "All persons having in their possession or under their control, any credits or other personal property belonging to the defendant, or owing any debts to the defendant at the time of service upon them of a copy of the writ and notice as provided in the last two sections shall, unless such property is deliv-

ered up or transferred, or such debts be paid to the officer to whom the writ is directed and delivered, be liable to the plaintiff for the amount of such credits, property or debts, until the attachment be discharged or any judgment recovered by him be satisfied."

There was no bill of exceptions filed in the District Court, and therefore the only questions properly before that court were, whether the Justice of the Peace had jurisdiction, and whether the pleadings were sufficient to sustain the judgment. It is insisted that there was no pleading upon which' judgment could be rendered, because the record fails to show that a petition was filed by the justice. The transcript of the justice's docket states that a petition was filed. And attached to the transcript is a petition and other papers entitled in the case and certified by the justice to be all the original papers filed before him in the case, naming them, and all, including the transcript, under one cover upon which the only indorsement of filing by the Clerk of the District Court appears. In addition to which the petition in error in the District Court states that "a transcript of the docket entries and original papers in said cause are filed herewith." These papers and the petition in error are marked filed by the clerk on the same date. We think the petition sufficiently appears to be the petition referred to in the transcript as having been filed with the justice, although not marked filed by him. (Commissioners v. Shafner, 10 Wyo. 181; Todd v. Peterson, 13 Wyo. 513.)

It is further contended that the justice had no jurisdiction of the Coal Co. by reason of insufficient service and return of the summons; and that, even if it be held that what the Coal Co. did amounted to a general appearance, that a voluntary appearance in this action would not confer jurisdiction of the subject matter of the action. The transcript recites that on return day the plaintiff appeared by his attorney and asked for a continuance of the case until the afternoon, which was allowed, with consent of the attorney for the Coal Co.; that when the case was

called in the afternoon the defendant appeared specially by
its attorney "who files motion to quash for the reason that
summons was not served and returned as required by law.
Motion not sustained.   Defendant now files affidavit and
motion to dismiss for the reason, to-wit: 1st, the same as
first motion filed and that there are other actions pending
on appeal between the same parties for the same cause.
The motion not sustained.   Defendant refused to appear
further."   These acts of the defendant unquestionably con-
stituted a general appearance in the action, whether the
question of other actions pending between the same parties
for the same cause was properly presented by motion or not.
(Honeycutt v. Nyquist, Peterson & Co., 12 Wyo. 183.)   But
it is argued that the proceeding in garnishment is in the
nature of a proceeding *in rem* and that the requirements of
the statute as to service and return must be strictly fol-
lowed or jurisdiction is not acquired.   For the purposes of
this case that may be conceded.   But we have no such case
here.   No complaint is made that the attachment suits were
not properly and regularly brought or that the Coal Co.
was not duly and regularly served as garnishee in those
actions.   The authorities cited by counsel are not in point.
They treat of the service of the garnishment process in the
attachment suits and not of the service of the summons in
a suit brought against the garnishee under statutes like
ours.   Under our statute the answer of the garnishee can-
not be controverted in the original action, nor can any judg-
ment be rendered against him in that action, except to order
him to deliver the property or pay any indebtedness to de-
fendant into court, either for a failure to answer, for an
unsatisfactory disclosure or upon an admitted indebted-
ness to the defendant.   By the service of the garnishment
process upon him the garnishee becomes liable to the plaint-
iff in the attachment suit for any debt he then owes to the
defendant in that suit; but whether he owes such debt, and
the amount thereof, if he fails to answer or to make satis-
factory disclosure or denies indebtedness, cannot be deter-

mined in that action, but is to be determined in a separate action by plaintiff against the garnishee. Our statute in that respect follows the Ohio statutes, and in that state it is held that "In an action property brought under this section, the plaintiff, as against the garnishee, occupies the position of the principal defendant, with the same rights which he had, and liable to be met by any defenses which the garnishee might make in an action brought against him by the principal defendant. The action is an independent proceeding, in which the plaintiff in the first action in attachment, occupying the place of the principal defendant therein, is plaintiff, and the garnishee in that action is defendant, and the latter is subordinate to the former action only to the extent that final judgment shall not be rendered against the garnishee in the latter, until the action against the principal defendant in the former has been determined. * * * The plaintiff is, in effect, substituted in all the rights and entitled to all the remedies the principal defendant would have had in an original action against the garnishee." (Squair & McDonald v. Shea, 26 O. St. 645.) We do not think it would be contended that, if the action had been brought by the defendant in the attachment suit against the Coal Co. for the recovery of the money here alleged to be due and owing from the Coal Co. to said defendant, the Coal Co. would not be bound by a general appearance in the action, or that the justice had no jurisdiction of the person of the defendant or of the subject matter of the action. In either case it is simply a civil action for the recovery of money only, and both are governed by the same rules of procedure.

In the petition in error in the District Court the sufficiency of the petition to support the judgment is challenged because it does not allege that Hauf recovered judgments in the original actions. The allegations in the several counts of the petition are substantially the same. In the first count it is alleged that Hauf "was the plaintiff in an action begun in this court against one John Rogers defendant

in which cause the said John Rogers defendant, confessed judgment in the sum of eighty-six and 50-100 dollars and costs of the action." The case was in justice's court where pleadings are to be liberally construed. There is also another rule applicable here, that "all uncertainties, irregularities, ambiguities, imperfections, and other defects in the manner of alleging a cause of action or defense, if a valid cause of action or defense, may nevertheless, with the aid of all lawful and reasonable presumptions, be found, even by implication, in the pleading, will be cured by the verdict or judgment." (31 Cyc. 769.) There was not a total failure to state a cause of action, but rather a defective statement of a good cause of action, and in such case, the Coal Co. having appeared and having failed to object to the sufficiency of the pleading by demurrer or motion, or to object to the evidence, the defect in the pleading was cured by the judgment. There being no bill of exceptions, containing the evidence before the justice, the District Court could not do otherwise than presume that the evidence was sufficient to prove final judgments in favor of Hauf against the defendants in the actions in which the Coal Co. was the garnishee.

Other questions have been urged here, but they were not presented by the petition in error in the District Court. It seems to be the general rule, and we think the correct one, that where a case is taken on error from an inferior court to an intermediate appellate court and the judgment of the inferior court is affirmed and the case is then taken on error to court of last resort, that the only questions that can be considered are those presented to the intermediate appellate court. That is, the Supreme Court will only determine whether or not the intermediate appellate court erred in its decision on the record presented to it. (Wesley *et al.* v. Milford, 41 Ind. 413; Rotach v. McCarthy, 102 Ind. 461; Davis v. Hines, 6 O. St. 473; Randall v. Turner, 17 O. St. 262; Ins. Co. v. McGookey, 33 O. St. 555; Railway Co. v. Construction Co., 49 O. St. 681; Distilling Co. v. Lock,.

59 Mo. App. 637; Roseboom v. Whittaker, 123 Ill. 81.)

It does not appear that the District Court committed error in affirming the judgment of the justice on the record pre-sented to it. The judgment of the District Court is there-fore affirmed.                                    *Affirmed.*

POTTER, C. J., concurs.

SCOTT, J., did not sit in this case.