## HANEY v. WELTY.

(No. 871; Decided February 7th, 1917; 162 Pac. 932.)

JUSTICE OF THE PEACE—APPEALS FROM JUSTICE COURT—TRIAL DE NOVO—PROCEEDINGS IN ERROR FROM JUSTICE COURT—PROCEDURE—WHEN CAUSE REMANDED.

1. A final judgment of a justice of the peace in a civil action may be taken to the District Court, either by appeal or by proceedings in error. (Comp. Stats. 1910, Sec. 5260.)
2. A proceeding to reverse, vacate or modify a judgment of a justice of the peace is by petition in error filed in the District Court, in which case the cause is tried and determined upon the record.
3. When an appeal is taken from a judgment of a justice of the peace, the cause stands for trial anew upon the pleadings and issues made before the justice, and the final judgment is rendered by the District Court; it is only when the appeal—not the action—is dismissed for irregularity in the appeal proceedings, that the cause is remanded to the justice.
4. Where defendant appealed from the decision of the justice court, he submitted himself to the jurisdiction of the District Court for the purpose of trial de novo, and it became immaterial whether the justice's judgment was rendered within twenty-four hours after close of trial, as required by statute.

ERROR to the District Court, Platte County; HON. WILLIAM C. MENTZER, Judge.

Action by E. B. Welty against E. A. Haney. Judgment for plaintiff and defendant brings error.

C. A. Paige, for plaintiff in error.

The judgment rendered by the justice more than 24 hours after the close of the trial is void. (Section 5250, Comp. Stats. 1910.) The section is mandatory. (Watson v. Davis, 19 Wend. (N. Y.) 371; Stevens v. Santee, 49 N. Y. 35; Catlin v. Rundell, 1 App. Div. 157, 37 N. Y. Supp. 979; Stewart v. Waite, 19 Kans. 218; Harrison v. Sager, 27 Mich. 426; Fox v. Meachem, 6 Neb. 531; Guthrie v. Humphrey, 7 Iowa 23; Lind v. Adams, 10 Iowa 389.) The judgment was reviewable by the district court in two ways;

first, by appeal; second, by proceedings in error. (Section 5260, Comp. Stats. 1910.) The cause was appealed. The proceedings in the district court are prescribed by statute, (Section 5264, Comp. Stats. 1910.) The invalidity of the judgment could not be urged prior to judgment; the justice lost jurisdiction by the delay in rendering judgment. The judgment may be set aside on appeal. (Palmer v. Fuller, 22 Ind. 115; Williamson v. Middlesex, 4 N. J. L. 386; Striker v. Mott, 6 Wend. 465; Ball v. Bingam, 23 Pac. 565.) Jurisdiction may be raised for the first time on appeal; (Glendenning v. Guise, 8 Wyo. 95); and by a motion to dismiss the appeal or objection to the admission of evidence. (Ripple v. Keast, 8 Kulp. (Pa.) 109.) In the case at bar plaintiff in error has done both. If the justice lost jurisdiction of defendant and the subject matter of the action, the judgment was void; the justice as appears from his docket entry, delayed entering his judgment while he was out looking for further evidence, which action alone should deprive him of jurisdiction in the case.

*Marion A. Kline* and *Oscar O. Natwick,* for defendant in error.

The question as to the validity of the justice's judgment was not properly presented; the district court had jurisdiction of the parties and they made a general appearance in that court; if the justice's judgment was valid, the appeal vacated that judgment and conferred jurisdiction on the district court. If the justice's judgment was void, it would be no defense to another action on the same claim; district courts have concurrent jurisdiction in all civil actions where the amount in controversy is less than $200.00 The appeal was regular and conferred jurisdiction on the district court. (Mayott, et al., v. Knott, 16 Wyo. 111, 92 Pac. 240.) The district court had jurisdiction to try the cause anew. Not until the district court had rendered judgment was the point raised as to the validity of the justice's judgment. The bill of exceptions does not appear to contain all of the evidence introduced in the district court. After the district

court acquired jurisdiction, it was immaterial whether the
justice's judgment was irregular or void. The case of Stew-
art v. Waite, 19 Kan. 218, does not sustain appellant's posi-
tion, nor the Missouri case of Wissman v. Meagher, 91 S.
W. 449. The justice's judgment was not invalidated by the
delay in entering it. (American Type Founders Co. v. Jus-
tice Court, 65 Pac. 742; Heinlen v. Phillips, 26 Pac. 366.)
The Kansas statute is identical with our Section 5250. In
Stillman v. McConnell, 13 Pac. 571 (Kan.), it is held that a
delay of five days in entering judgment did not invalidate it.
The judgment of the district court was correct and should
be affirmed.

BEARD, JUSTICE.

This action was commenced by the defendant in error
against the plaintiff in error before a justice of the peace to
recover $46.38 on account. The defendant in that court
answered and issue was joined and tried to the justice with-
out a jury, resulting in a judgment in favor of plaintiff and
against defendant for $34.00 and costs. From that judg-
ment defendant appealed to the district court, and on trial
before that court without a jury the plaintiff recovered judg-
ment against defendant and the surety on the undertaking on
appeal for $47.93 and costs. Defendant brings error.

The defendant filed a motion in the district court to "va-
cate, annul and set aside and reverse the judgment" of the
justice for the reason that said judgment was not rendered
within twenty-four hours after the close of the trial, which
motion was denied, and the cause coming on for trial, de-
fendant objected to the introduction of any evidence upon
the ground and for the reason that the court did not have
jurisdiction of the subject matter of the action and of the
defendant, which objection was overruled. The ruling of
the court on the motion and the objection are complained
of as error.

A final judgment of a justice of the peace in a civil action
may be taken to the district court in two ways: 1. By ap-
peal. 2. By proceedings in error. (Sec. 5260, Comp. Stat.

1910.) In this case an appeal was taken, and the case stood for trial *de novo* upon the pleadings and issues filed and made in the justice court. (Sec. 5264, Comp Stat. 1910.) The proceeding to reverse, vacate or modify a judgment of a justice of the peace is by petition in error filed in the district court, in which case the cause is tried and determined upon the record. But when an appeal is taken the case stands in the district court to be tried anew upon the pleadings and issues made before the justice, and the final judgment is rendered by the district court; and it is only when the appeal—not the action—is dismissed for irregularity in taking or consummating the appeal that the case is remanded to the justice. (Sec. 5265, Comp. Stat. 1910.) The contention of counsel for plaintiff in error that because judgment was not rendered by the justice within twenty-four hours after the close of the trial, as required by the statute, he thereby lost jurisdiction to render judgment, is not material here. The district court had jurisdiction of the subject matter of the action and when the defendant invoked its jurisdiction by appealing to it, he submitted himself to its jurisdiction, and for the sole purpose of a trial *de novo;* and whether or not the justice committed errors on the trial was not material. (Fink v. Lukensmeyer, 51 Minn. 252, 53 N. W. 546; Seurer v. Horst, 22 Minn. 479, 18 N. W. 283; Harrington v. Heath, 15 Ohio, 483; Hart v. Carnall-Hopkins Co., 103 Cal. 132, 37 Pac. 196.) Counsel has cited some cases from other states, but an examination of the statutes of those states discloses that they differ materially from ours, and are not applicable. The statute seems too plain to require further discussion. There was no error in the proceeding in the district court, and the judgment is affirmed.        *Affirmed.*

POTTER, C. J., concurs.

SCOTT, J., did not sit.