## FARMERS' STATE BANK OF RIVERTON v. JOHNSON*

### (No. 1286; March 8, 1927; 253 Pac. 858.)

Justices of the Peace—Proceedings in Error to District Court
—Questions Reviewable on Error to Supreme Court—Waiver
of Error—Pleadings in Justice Court Liberally Construed—
Justice Practice—Inclusion of Justice Court Costs, in Dis-
trict Court Judgment, Not Reversible Error—Justice Trial
Without Jury—Evidence Presumed Sufficient When Not
Brought Up—Entry of Justice Judgment Required Within
Twenty-Four Hours.

1. Where judgment of justice of peace is taken on error to
district court, unless record discloses some reversible
error, judgment of justice court will be affirmed.

2. Where record brought up to district court from justice of
peace in response to petition in error discloses no revers-
ible error and judgment of the justice is affirmed, there
is no issue of fact for trial in district court.

3. Where district court, having found no error in record, af-
firmed judgment in justice court, on appeal to Supreme
Court, only question was whether district court erred in
its decision on reord sent up from justice court.

4. Affirmance of justice court judgment by district court was
not inconsistent with previous ruling refusing to dismiss
proceeding in error.

5. Where defendant recovered judgment in justice court and
case was taken to district court by proceeding in error
and plaintiff amended pleadings in district court, de-
fendant, by amending his answer, did not waive his right
to affirmance of justice court judgment.

6. That plaintiff's petition was sufficient to entitle him to
judgment could be no ground for reversing judgment in
favor of defendant, who had answered petition and con-
tested case.

7. Pleadings in justice court are to be construed liberally,
since strict formality and accuracy are not required even
in plaintiff's statement of cause of action.

8. Defendant's answer in justice court suit, alleging that plaintiff "is not holder of said note in due course," that defendant "believes there has been nothing paid on said note to payee," and that "plaintiff is not holder for valuable consideration without notice," *held* to raise issue that plaintiff was not holder in due course of note sued on, in view of Comp. St. 1920, § 6481, providing that in justice court, allegations of written instruments and indorsements thereon shall be taken as true unless specifically denied by affidavit.

9. Where plaintiff had paid costs in justice court and case was taken to district court by proceeding in error, fact that district court included justice court costs in judgment did not require reversal of district court judgment.

10. Comp. St. 1920, § 6516, providing for granting new trial by justice of peace where verdict was obtained by fraud, partiality, or undue means, has no reference to case tried by justice without jury.

11. Where issues of fact raised by pleadings have been tried and decided by justice and all evidence or all evidence on particular issue in question has not been brought into record by bill of exceptions, district court, in proceeding in error, must presume that there was sufficient evidence to support judgment.

12. Where justice court trial was concluded December 12th and justice told plaintiff he would render judgment for defendant December 17th, and on December 15th plaintiff moved to amend petition, and motion was denied on ground that judgment had been entered December 13th, plaintiff was not prejudiced, since Comp. St. 1920, § 6523, requires judgment by justice to be entered within 24 hours after trial.

*See Headnotes: (1-3) 4 CJ p. 1076 n. 59; 35 CJ p. 717 n. 22; p. 815 n. 4; p. 851 n. 98. (4) 15 CJ p. 961 n. 36. (5) 35 CJ p. 851 n. 57 New. (6) 35 CJ p. 852 n. 18 New. (7, 8) 35 CJ p. 612 n. 98; p. 614 n. 11; p. 623 n.74. (9) 35 CJ p. 843 n. 85 New. (10) 35 CJ p. 654 n. 5 New. (11) 35 CJ p. 842 n. 65. (12) 35 CJ p. 842 n. 80.

APPEAL from District Court, Fremont County; ROBERT R. ROSE, Judge.

Action by the Farmers' State Bank of Riverton against L. Johnson, instituted before a justice of the peace. Judgment for defendant, and plaintiff took case to district court by a proceeding in error, where judgment was affirmed, and plaintiff appeals.

*A. C. Allen,* for appellant.

The District Court erred in dismissing the appeal from Justice Court; defendant in error waived right to challenge jurisdiction of District Court by filing an amended answer therein and joining issue with plaintiff in that court; the court erred in dismissing the appeal, for that an attachment had been issued and the issues thereunder remained undisposed of; the District Court erred in dismissing the appeal, for the reason that Section 6394 C. S. required that court to retain cases on error, for final judgment, the same as cases on appeal, except where reversed for want of jurisdiction; the record discloses that the District Court doubted its jurisdiction; the justice had jurisdiction under Section 6394 C. S.; Glendenning v. Guise, 55 P. 447. Judgments of Justice Courts may be reviewed (1) by appeal; (2) by proceedings in error; Laws 1895, Chapter 57; 3127-3173 C. S.; defendant pleaded to the merits in Justice Court, and waived defects in pleadings; the amended answer, filed in the District Court, admitted execution of the note and endorsements, alleged that payee obtained the note under false representations, and that plaintiff was not a holder in due course; knowledge by endorsee of a note, that it was given in consideration of an unperformed executory agreement, does not deprive endorsee of his character of a bona fide holder in due course, unless he had notice of the breach prior to his acquisition of the note; Moyses, et al. v. Bell, (Wash.) 114 P. 193; Joyce on Com. Paper, 2nd Ed., Sec. 636; Dawson Gas Co. v. Woodhull, 67 Fed. 451. A note payable to

order may be transferred by delivery without endorsement, and an endorsee may recover thereon without proving the transfer; Gumaer v. Sowers, (Colo.) 71 P. 1103. Possession imports prima facie that the holder acquired it bona fide for value, and is the owner thereof; Joyce 389. A written assignment is unnecessary in the absence of statute, to transfer a title to a note; Bank v. Moore, 137 Fed. 505-507. One pleading want of consideration must prove it by a preponderance of the evidence; Topper v. Snow, 200 Ill. 434; McMicken v. Stafford, 197 Ill. 540; Gallahan v. Co., (Ky.) 131 S. W. 995; 8 C. J. 890. The endorsement proves itself unless put in issue; where endorsee does not claim title by endorsement, but merely by purchase in due course of trade, proof of the endorsement is not necessary; 8 C. J. 1054; Bank v. Aprout, (Nebr.) 110 N. W. 713. Suspicion of defect of title will not defeat title; that result can be produced only by bad faith; Stevens v. Grisso, 216 P. 671. Every endorsee is presumed to be a holder in due course; Wells v. Ins. Ass'n., 213 Ill. App. 549. The pleadings were sufficient to entitle plaintiff to judgment and were supported by the evidence; the court refused to enter judgment for plaintiff in accordance with the law on the evidence; the court erred in entering judgment against plaintiff for costs.

*George H. Paul,* for respondent.

No error having been discovered, the judgment was properly affirmed on appeal; 6393 C. S. Nothing is examinable but the bill, answer and exhibits; 4 C. J. 672. The justice judgment was entered within twenty-four hours after the trial, as required by statute; 6253 C. S. A party is bound by his pleadings; 15 Wyo. 217. Where judgment of a justice is affirmed on error, it carries costs; 6393 C. S. An amendment after judgment is permissible in furtherance of justice; 15 Wyo. 150; 21 Wyo. 448. The same principle applies to appeals; 2 Haynes on New Trial, p. 1552. Where holder of instrument, payable to his or-

der, transfers it without endorsement, the transferee takes such title as the transferor had therein; 3982 C. S. Endorsements on a note are no part thereof; Bank v. Bank, 24 Wyo. 423. When it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove title in due course; 3992 C. S. The title is defective when the instrument, or any signature thereto, was obtained by fraud, duress or other unlawful means; 3998 C. S. The mere crediting a depositors account does not constitute a bank a holder in due course; Thompson v. Bank, 150 U. S. 231; Bank v. Trading Co., 6 A. L. R. 340, and cases cited. Until deposit is drawn out, the bank holds subject to the equities of prior parties; the title of a person, who negotiates a note in breach of faith, is defective; 1917 B Ann. Cas. 839; Bank v. Carter, 144 Ia. 715; Connoly v. Bank, 185 N. W. 887; Trust Co. v. Vaughn, 277 Fed. 145; Bank v. Marden, 234 Mass. 161. It is the contention of respondent that there is a secret understanding between the bank and Allen and Kingery that they will pay the amount of money to the bank in the event the bank fails to enforce payment from Johnson.

KIMBALL, Justice.

The plaintiff sued before a justice of the peace to recover on a promissory note for $147, signed by defendant, payable to H. W. Kingery, an agent for a life insurance company. The note was for the first premium on a policy of insurance for which the defendant had made application. The defendant admitted making the note, but claimed that it had been procured by false representation; that the policy of insurance for which the note was given had never been delivered, and that the plaintiff was not a holder in due course. The justice of the peace after a trial without a jury, rendered judgment that the plaintiff recover nothing, and that the costs taxed at $7.40 be paid by plaintiff. The plaintiff took the case to the dis-

trict court by proceeding in error. The district court found no error disclosed by the record, and affirmed the judgment of the justice court. Following Section 6393, Wyo. C. S. 1920, the judgment of the district court included a judgment against plaintiff for the costs in the district court, and awarded execution therefor, and for the ''additional sum of $7.40, being the judgment for costs heretofore made and entered by the said justice of the peace in favor of defendant.'' From this judgment of the district court, the plaintiff appeals.

When the case came to the district court, a great many unnecessary things were done. After the defendant had unsuccessfully demurred to the petition in error and moved to dismiss the proceeding, the plaintiff obtained leave to amend its wrtiten pleading filed in the justice court, and the defendant filed several amended answers. Evidence was taken as though the case were ready for trial de novo. The plaintiff sued out a writ of attachment, and defendant's property was attached. All this, before it had been decided whether or not there was any error for which the judgment of the justice of the peace should be reversed. A proceeding in error in the district court for the purpose of reviewing the judgment of a justice of the peace, is not unlike the similar proceeding in this court to review a judgment of the district court. Unless the record brought up discloses some reversible error, the judgment of the lower court will be affirmed. An important difference is that in the district court, when the judgment of the justice of the peace is reversed, the case is retained for trial de novo, except in cases where the justice had no jurisdiction. C. S. 1920, Sec. 6394. Critchfield v. Robinson, 80 Oh. St. 364, 88 N. E. 792. If the record brought up to the district court in response to the petition in error discloses no reversible error and the judgment of the justice is accordingly affirmed, there is no issue of fact for trial in the district court. In the case at bar, the district court, having found no error in the

record, affirmed the judgment, and on appeal to this court the only point to be decided is whether the district court erred in its decision on the record sent up from the justice court.   Hudson Coal Co. v. Hauf, 18 Wyo. 425, 435; 109 P. 21; Haney v. Welty, 24 Wyo. 531, 534, 162 P. 832.

The judge of the district court seems to have had the foregoing principles in mind, and when, without first having decided that a new trial was proper, he listened to evidence on the issues that had been tried by the justice, it was probably understood that such evidence was not to be considered or acted on unless the judgment of the justice were reversed.   This evidence, and the amendments in the district court of the pleadings on which the case had been tried in the justice court, must be disregarded by us as no doubt they were by the judge of the district court when he affirmed the judgment of the justice.

It is frequently alleged in the specifications of error that the court erred in "dismissing the appeal."   There was no appeal pending in the district court.   An appeal from a justice of the peace under chapter 409, C. S. 1920, is very different from a proceeding in error under chapter 390.   The proceeding in error in the district court was not "dismissed."   In order, therefore, to give any meaning to specifications of error that refer to the "dismissing of the appeal," we must assume that they refer to the judgment affirming the judgment of the justice.

The first specification of error is that the district court erred in "dismissing the appeal from the justice court" for the reason that, at a previous term, defendant's motion to dismiss had been denied.   Obviously, this specification points to no error.   The affirmance of the judgment was not at all inconsistent with the previous ruling refusing to dismiss the proceeding in error.

The second specification of error is that the defendant "filed his answer in said cause, submitting himself to the jurisdiction of the court, and waived all right therein to have said appeal dismissed."   We suppose the "an-

swer'' referred to is the amended answer filed in the district court. All the amended pleadings in the district court, if not unwarranted, were at least permature. The plaintiff was the first offender. We see no reason for holding that the defendant, by amending his answer, waived his right to an affirmance of the judgment of the justice.

The third specification alleges error in dismissing the appeal because the attachment issued out of the district court had not been disposed of. No authorities are cited. If the attachment was not finally settled by the affirmance of the judgment of the justice, it can be dismissed when the case goes back to the district court.

The fourth specification of error complains that the case was not retained for trial by the district court as in cases of appeal, and the seventh specification alleges error in refusing to consider and enter judgment on the evidence taken in the district court. These specifications are shown to be insufficient by what we have said above in explaining the procedure.

The fifth specification of error is that the allegations of the petition were sufficient to entitle the plaintiff to recover. The mere fact that plaintiff's petition was sufficient to entitle him to judgment, could be no ground for reversing a judgment in favor of a defendant who had answered the petition and contested the case.

The sixth specification of error is, in effect, that the plaintiff was entitled to judgment on the pleadings filed in the justice court. The plaintiff does not argue that the answer fails to state a defense of fraud or failure of consideration, but it seems to be claimed that the defendant admitted that the plaintiff was a holder in due course. The answer alleged, among other things, that the plaintiff ''is not a holder of said note in due course;'' that defendant ''believes there has been nothing paid on said note to said H. W. Kingery, the payee;'' and that ''plaintiff is not a holder for a valuable consideration without

notice." The effect of these allegations is not discussed by plaintiff in his brief in this court. The answer was not attacked in the justice court by demurrer or motion. A reply was filed denying the allegations of the answer, including the allegations just quoted. Pleadings in a justice court are to be construed liberally. Strict formality and accuracy are not required, even in the plaintiff's statement of the cause of action. Garber v. Spray, 25 Wyo. 52, 164 P. 840; Hudson Coal Co. v. Hauf, 18 Wyo. 425, 434, 109 P. 21. We think the answer in this case did not fail to raise the issue that plaintiff was not a holder in due course of the note.

Some reliance seems to be placed on Section 6481, C. S. 1920, which provides:

"In all civil actions before justices of the peace, allegations of written instruments and endorsements thereon, * * * shall be taken as true unless such allegations shall be specifically denied by the affidavit of the party, his agent or attorney."

Under this section, it is claimed that the defendant admitted both the making and endorsement of the note, and, therefore, admitted that the plaintiff was a holder in due course. Neither the premise nor the conclusion can be granted. The petition did not allege that the note was endorsed, and the copy of the note set forth in the petition shows no endorsement. Even if the endorsement of the note had been alleged by plaintiff and admitted by defendant, it would not follow that the plaintiff was a holder in due course. There was no reason for holding that the plaintiff was entitled to judgment on the pleadings.

The eighth specification is that the court erred in entering judgment for all costs against the plaintiff, because he had already paid the costs in the justice court. The transcript of the docket of the justice shows an entry: "Costs fully paid by plaintiff." Assuming that this entry on the

docket is sufficient to show that the plaintiff has paid the sum of $7.40 for which judgment was rendered in the justice court, that fact would not require a reversal of the judgment of the district court. If the matter be called to the attention of the district court, the plaintiff can be protected either by correcting the judgment or by giving him credit for the amount paid to the justice of the peace.

The specifications of error, in addition to the eight specifications hereinbefore considered, contains a copy of a motion for a new trial filed with, and denied by, the justice of the peace. Section 6516, C. S. 1920, authorizes a justice of the peace to grant a new trial within seven days after entry of judgment, on the ground that "the *verdict* was obtained by fraud, partiality or undue means." Apparently, this section has no reference to cases like this, tried by the justice without a jury. State v. Smedes, 17 Ohio Dec. (14 Nisi Prius) 757. While we think we would be fully justified in failing to notice the errors that are attempted to be assigned by including this supposed motion for a new trial in the specifications of error, we prefer in this case to consider those errors that seem to have been presented to the district court, without deciding whether or not they have been properly assigned on this appeal.

Where issues of fact raised by the pleadings have been tried and decided by the justice, and all the evidence or all the evidence on the particular issue in question has not been brought into the record by bill of exceptions, the district court in a proceeding in error is bound to presume that there was sufficient evidence to support the judgment. Hudson Coal Co. v. Hauf, 18 Wyo. 425, 435; 109 P. 21; Bell v. Mahaffey, 16 Oh. C. C. R. (N. S.) 258. The bill of exceptions in the case at bar does not contain, nor purport to contain, all the evidence on any issue. A great many of the errors alleged in the supposed motion for a new trial must, for the reason just stated, be left unnoticed by this opinion.

When the trial in the justice court was concluded, on December 12, the justice stated that he would render judgment on December 17.  On December 15 the plaintiff appeared and moved for leave to amend its petition to show "the endorsements which appear on the note." The motion was denied on the ground that judgment had been entered on December 13.  Without the evidence, we cannot say that the justice did not have other good grounds for denying the motion.  It does not appear that the plaintiff made any motion to amend before judgment was entered.  The proposed amendment was not for the purpose of sustaining, but to defeat, the judgment.  We take it that plaintiff concedes that the amendment could not be made after judgment.  But it is contended that the justice of the peace deceived the plaintiff by rendering judgment on the 13th, after he had announced that it would not be rendered until the 17th, and that plaintiff's · motion, on the 15th, was before the time when judgment should have been entered.  The contention cannot be sustained.  The statute (Sec. 6523, C. S. 1920) provides that the judgment "must be entered at either the close of trial or within twenty-four hours thereafter * * *." A judgment entered after the time fixed by statute would be at least irregular.  We need not decide whether it would be void. See Nicholson v. Roberts, 6 Oh. Dec. 233, N. P. 43, and cases there cited.  The duty of the justice to enter judgment within twenty-four hours after the trial was quite clear, and we cannot hold that the plaintiff was misled when the justice followed the statutory direction instead of delaying the entry of judgment until a time when he may have lost jurisdiction.  We must not be understood as intimating that the refusal to permit the amendment would have been prejudicial error, even if the motion therefor had been made at the trial.

We are of opinion that the district court was right in affirming the judgment of the justice of the peace, and the judgment appealed from will be affirmed, with direc-

tion that, if it be shown to the district court that the plaintiff has paid the sum of $7.40, mentioned in the judgment, the fact be made to appear either by a correction of the judgment or by a credit thereon.

*Affirmed with Direction.*

BLUME, Ch. J., and POTTER, J., concur.