Adon JARAMILLO, Appellant
(Defendant-Appellant),

v.

The CITY OF GREEN RIVER, Appellee
(Plaintiff-Appellee).

No. 85–140.

Supreme Court of Wyoming.

May 28, 1986.

William J. Flynn, Green River, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty., Mary B. Guthrie, John W. Renneisen, Sr. Asst. Atty. Gen., Cheyenne, and Lisa A. Botham, Sp. Asst. Atty. Gen., Green River, for appellee.

Before THOMAS, C.J., and ROONEY *, BROWN, CARDINE and URBIGKIT, JJ.

THOMAS, Chief Justice.

Adon Jaramillo was sentenced under an ordinance of the City of Green River which authorizes enhanced punishment for a subsequent conviction of driving a motor vehicle while under the influence of intoxicating liquor. The only issue to be determined in this case is whether Jaramillo was entitled to have the question of his prior conviction submitted to the jury. Jaramillo also seeks to raise the question of whether the prosecution must establish that a prior conviction occurred under circumstances in which he either was afforded his right to counsel or knowingly and intelligently waived his right to counsel. He has failed to preserve this latter question for consideration in this appeal. We conclude that it was not error for the municipal court to refuse to submit to the jury the issue of whether Jaramillo had a prior conviction. The sentence imposed by the municipal court upon the judgment of conviction is affirmed.

In his brief Jaramillo sets forth two questions for this court to determine. They are:

"I. Were the Appellant's due process and jury trial rights violated when the question of his status as a second time D.W.U.I. offender was taken from the jury and decided by the Municipal Court over his objection?

"II. Could the trial court lawfully consider three alleged prior convictions for D.W.U.I. of the Appellant at an enhancement hearing where the prosecution failed to show whether the Appellant's convictions to at least one of the alleged prior D.W.U.I. charges occurred either with counsel or after knowingly and intelligently waiving counsel?"

As we have indicated we will not consider the second question because Jaramillo has failed to preserve that issue for this appeal.

Section 24–2, Code of Ordinances, City of Green River, is substantially similar to § 31–5–233, W.S.1977. The ordinance makes it unlawful for a person under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle, to drive or have actual physical control of any vehicle within the

* Retired November 30, 1985

city, § 24–2(a), Code of Ordinances, City of Green River. The ordinance then provides for punishment of not more than six months in jail, or a fine of not more than $750 or both, and it further provides that for a subsequent conviction within five years the punishment shall be not less than seven days nor more than six months in jail, and a fine of not less than $200 nor more than $750, § 24–2(d), Code of Ordinances, City of Green River. The municipal court under this latter provision is authorized to suspend the discretionary portion of the sentence if the defendant participates in an appropriate alcohol counseling program.

Jaramillo was charged with the commission of a second offense under this ordinance. He entered a plea of not guilty and demanded a trial by jury. The jury found him guilty of driving while under the influence of intoxicating liquor. The municipal judge then discharged the jury. At this point counsel for Jaramillo urged the municipal court to recall the jury to pass on the question of any prior conviction, arguing that since Jaramillo had demanded a jury trial he was entitled to have the jury consider the question of whether he was a subsequent offender, as charged. The municipal judge refused to call the jury back to consider this question.

The prosecution then offered certified copies of three judgments against the appellant for driving while under the influence of intoxicating liquor all of which occurred in the Green River municipal court within the preceding five years. At this juncture counsel for Jaramillo complained as follows:

"I note, Your Honor, that they're signed by Larry Pittman, he's not here, nor is there any indication of the custody of these records and I object to them and roughly consider them enhancement purposes under *Holtz* and under the fact that they weren't proper—no proper foundation and it's late for the proper introduction of them as evidence of whether or not Mr. Jaramillo had an attorney when any of those so-called convictions were done or whether they were proper convictions. There's simply nothing in the record indicating that they're real convictions."

The municipal judge then retrieved the court's own copies of the several citations, and Jaramillo did not interpose any further objection. Furthermore, when asked if he had anything to say Jaramillo did not indicate that he had not had counsel or had not knowingly and voluntarily waived his right to counsel with respect to these prior convictions. The municipal judge then sentenced Jaramillo to pay a fine of $750 and to serve six months in the Sweetwater County Jail, suspending four months of that sentence pursuant to terms and conditions which were consistent with the ordinance.

Jaramillo then appealed to the district court. He filed a statement of errors in accordance with Rules 2.02, 5.01(b) and 5.06, W.R.A.P.C.L.J. His statement of errors specified the following issues for decision by the district court:

"1. The Appellant's constitutional rights were violated when during his jury trial for DWI, second offense, the City of Green River presented evidence of his prior DWI convictions to the jury during its case in chief before any finding by the jury that the Appellant was indeed guilty of the underlying DWI charge.

"2. The Appellant was denied his right to a fair trial under the due process clause of the Wyoming Constitution by the prosecutrix's misleading 'definition' of reasonable doubt which was given to the jury in final argument."

Jaramillo's brief in the district court then stated the following question:

"Were the Appellant's due process and jury trial rights violated when the question of his status as second time D.W.U.I. offender was taken from the jury and decided by the Municipal Court over his objection?"

Jaramillo's brief in the district court does not address the second issue assigned as a claim of error in his appeal to this court.

The district judge noted in his opinion letter that the briefs submitted by Jaramillo's counsel did not address either of the errors mentioned in the Statement of Errors, and that it argued only that the jury and not the judge should have decided Jaramillo's status as a repeat D.W.U.I. offender.

The appropriate rule controlling consideration of Jaramillo's second claim of error is found in *Hudson Coal Company v. Hauf,* 18 Wyo. 425, 435, 109 P. 21 (1910), as follows:

"Other questions have been urged here, but they were not presented by the petition in error in the District Court. It seems to be the general rule, and we think the correct one, that where a case is taken on error from an inferior court to an intermediate appellate court and the judgment of the inferior court is affirmed and the case is then taken on error to court of last resort, that the only questions that can be considered are those presented to the intermediate appellate court. That is, the Supreme Court will only determine whether or not the intermediate appellate court erred in its decision on the record presented to it. [Citations omitted.]"

This rule was followed in *Farmers' State Bank of Riverton v. Johnson,* 36 Wyo. 191, 253 P. 858 (1927) and *Haney v. Welty,* 24 Wyo. 531, 162 P. 932 (1917). In his dissenting opinion in *Dixon v. City of Worland,* Wyo., 595 P.2d 84, 88 (1979), then Chief Justice Raper alluded to the continuing validity of this rule in commenting that, "[t]his court * * * established the rule that where a case is taken to an intermediate appellate court and judgment is affirmed and the case is then taken to a court of last resort, the only questions that can be considered are those presented to the intermediate appellate court * * *."

■ The rule is a logical result of two propositions. The first is the established appellate rule that questions not raised or argued in this court will be considered waived. See e.g., *Roberts Construction Company v. Vondriska,* Wyo., 547 P.2d 1171 (1976); *Holly Sugar Corporation v.*

*Perez,* Wyo., 508 P.2d 595 (1973); *Pickett v. Associates Discount Corporation of Wyoming,* Wyo., 435 P.2d 445 (1967). The second is that "[a] proceeding in error in the district court for the purpose of reviewing the judgment of a justice of the peace, is not unlike the similar proceeding in this court to review a judgment of the district court." *Farmers' State Bank v. Johnson,* supra, 36 Wyo., at 196, 253 P. 858. Jaramillo has made no suggestion that he is entitled to rely upon the doctrine of plain error, nor has he made any effort to demonstrate plain error. *Scheikofsky v. State,* Wyo., 636 P.2d 1107 (1981); *Campbell v. State,* Wyo., 589 P.2d 358 (1979). Jaramillo has waived his right to have this court consider his second claim of error, and we hold that we are foreclosed from addressing it.

■ With respect to his contention that he was entitled to have the jury determine the issue of prior convictions, we recognize that due process rights do attach to a situation in which a sentence is enhanced upon the basis of prior convictions. Jaramillo was entitled to notice, a hearing, representation by counsel, and an opportunity to present evidence. *Munoz v. Maschner,* Wyo., 590 P.2d 1352 (1979). In that case this court decided, however, that there is no constitutional requirement that a jury rather than the judge determine the question of whether a prior conviction had occurred which would justify the enhancement of a sentence. The court said:

"The question of whether a determination by the court or a jury of a second or previous conviction or at what stage for purposes of enhancing punishment raises no constitutional question. It raises only a question of procedure. In *Spencer v. State of Texas,* 1967, 385 U.S. 554 [566], 87 S.Ct. 642 [655], 17 L.Ed.2d 606, * * *. [T]he Supreme Court found no constitutional fault with a court determining prior convictions for the purpose of enhanced punishment * * *." *Munoz v. Maschner,* supra, at 1357–1358.

Jaramillo would rely upon *Bandy v. Hehn,* 10 Wyo. 167, 67 P. 979 (1901), in

which this court acknowledged that due process required that the former convictions be both alleged and proved, and held that this particular fact question should be submitted to the jury. This latter aspect of *Bandy v. Hehn, supra,* was overruled in *Munoz v. Maschner, supra.* In the later case we decided that so long as the basic due process guarantees were satisfied the judge rather than the jury could decide the question of prior convictions stating, "[t]he prior conviction is not relevant to the issue of guilt for the crime but goes only to the issue of punishment * * * " and "[t]here is no constitutional right to a jury trial on the issue of a second offense, where a hearing is for the purposes of sentencing only." *Munoz v. Maschner, supra,* at 1358.

█ The rule in Wyoming is that unless a statutory right exists to have the question of prior convictions submitted to the jury, such as that encompassed in the Wyoming habitual criminal statutes, §§ 6–10–201 through 6–10–203, W.S.1977, the court rather than the jury can determine the question of prior convictions. Jaramillo contends, however, that there is language in *State ex rel. Motor Vehicle Division v. Holtz,* Wyo., 674 P.2d 732 (1983) which subjects the submission of prior convictions for driving while under the influence of intoxicating liquor to the same requirements as the habitual criminal statute. The language upon which Jaramillo relies is:

" * * * [T]he statutory requirement that the sentence to be imposed by the court be more severe as the number of prior convictions of the defendant increases makes the [D.W.U.I.] statute a habitual criminal act. Before the sentence of a defendant can be enhanced under such act, he must have notice of the fact that such is contemplated. Generally, the notice must be contained in the information or charge under which he is prosecuted. *Evans v. State,* Wyo., 655 P.2d 1214 (1982). Section 6–10–203(a), W.S.1977 (1983 Replacement), provides:

'(a) An information or indictment which charges a person as an habitual criminal shall set forth the charged felony and allege the previous convictions.'

"Although here we are not concerned with felonies, the reason upon which this section is predicated is pertinent to the requirement of similar notice in DWUI cases." *State ex rel. Motor Vehicle Division v. Holtz, supra,* at 738.

█ Jaramillo is mistaken in his contention that this language brings this question within the statutory requirement that the issue be submitted to a jury. In *State ex rel. Motor Vehicle Division v. Holtz, supra,* the court simply recognized that due process requires notice if a former conviction is to be used to enhance punishment. Certainly the Wyoming habitual criminal statutes do not by their terms encompass misdemeanor convictions for driving while under the influence of intoxicating liquor. There is no indication in Holtz that the court could or would expand those statutes to encompass these misdemeanor offenses. The ordinance of the City of Green River does not require a determination by the jury of the issue of prior convictions. We hold that with respect to such sentence enhancement proceedings under the state statute or a similar city ordinance, unless the statutory language so requires, a right to a jury trial with respect to the existence of prior convictions does not exist.

In this instance the requirements of due process were satisfied because Jaramillo was given notice, the opportunity for a hearing, representation by counsel and the right to submit evidence. The existence of the prior convictions was established at that hearing before the municipal judge. There was no error in refusing to grant a jury trial on the issue of the prior convictions. The judgment of the district court, which affirmed Jaramillo's judgment and sentence in the municipal court, is affirmed.