## BANDY v. HEHN, WARDEN OF THE STATE PENITENTIARY.

STATUTES — PETIT LARCENY, SECOND OFFENSE — INFORMATION — EVIDENCE — CRIMINAL LAW — HABEAS CORPUS — JURISDICTION.

1. The effect of the statute (R. S., Sec. 4985) providing that, upon a second conviction of petit larceny, the person convicted shall suffer the punishment prescribed for those convicted of grand larceny is not to render the offender who becomes subject to its provisions guilty of grand larceny, but the statute merely designates the punishment for petit larceny on a second conviction by reference to the penalty for grand larceny.

2. Where the fact of a former conviction enters into an offense to the extent of aggravating it and increasing the punishment, it must be alleged in the information and proved like any other material fact, if it is sought to impose the greater penalty.

3. Under the statute providing that on a second conviction of petit larceny the offender shall suffer the penalty of grand larceny, the former conviction enters into the offense, and must be alleged in the information and proved to authorize the imposition of the greater penalty.

4. Where one imprisoned under judicial sentence applies for discharge upon habeas corpus, jurisdictional facts alone are to be considered; and if the court rendering the judgment had jurisdiction of the person and subject matter and to render the particular judgment, the applicant must be remanded into custody, however erroneous the judgment may be. But if the court was without jurisdiction to render the particular judgment, then the same will be void and the applicant must be discharged.

5. Upon a mere plea of guilty of petit larceny to an information not charging the crime as a second offense, and without affording the prisoner an opportunity to plead to or defend against such a charge, and without any proof of the fact of former conviction other than a reference by the court to the court journal showing a former conviction, the court is without jurisdiction to adjudge the prisoner guilty of grand larceny, or to impose a penitentiary sentence as for that crime or for a second conviction of petit larceny; and such a judgment is not only erroneous, but is void, and the prisoner confined in the penitentiary under it is entitled to his discharge upon habeas corpus.

[Decided March 5, 1902.]

HABEAS CORPUS.

James Bandy applied for discharge on habeas corpus from the state penitentnary, where he was imprisoned under a sentence of the District Court of Crook County as for grand larceny. The petition alleged the cause of the restraint, charged to be illegal, to be a certain mittimus issued out of said court commanding the warden of the penitentiary to receive and confine the plaintiff in that institution for the period of two and one-half years. The illegality of the imprisonment was alleged to consist in the following: That an information was filed in said court against the plaintiff charging the crime of grand larceny, in the stealing and carrying away of a watch of the value of fifty dollars, and to that information the plaintiff pleaded guilty to petit larceny, which plea was accepted; and that, upon being brought up

for sentence, the court adjudged him guilty of grand larceny, without any evidence being introduced against him, or his identification as one who had been previously convicted of the same offense, and without a jury, and against his objection, and over his request to withdraw his plea of guilty of petit larceny and plead not guilty. It appeared from certain orders of the court attached to the petition and not disputed that the sentence was pronounced as for the crime of grand larceny in consequence of a journal record showing a former conviction of the prisoner for the crime of petit larceny. The writ was issued. The return and answer of the respondent merely set out the mittimus and judgment of the court requiring the imprisonment of the prisoner. A reply was filed denying the legality of the imprisonment under such mittimus and judgment. Upon a hearing on the pleadings and record of the prisoner's conviction and sentence, the cause was heard, resulting in the prisoner's discharge. The other material facts are stated in the opinion.

*Nichols & Adams,* for the plaintiff.

The District Court could not, on its own motion, find the prisoner guilty of grand larceny, or even petit larceny as for a second offense, and sentence him to the penitentiary, without some kind of a charge against him for such, and after a hearing by a jury, or a plea of guilty for said higher offense. The statute provides that all crimes that may be punished by death or imprisonment in the penitentiary are felonies, and all other are misdemeanors. (R. S., Sec. 5191.) Hence, to find a person guilty of petit larceny as for a second offense is to find him guilty of a felony, and after one pleads guilty to petit larceny, which is a misdemeanor, the court cannot without the intervention of a jury or a plea of guilty find him guilty of a felony. The action of the court was in direct violation of Section 7, Article 1, of the constitution, as well as of Sections 6, 7, 9 and 10 of the same article. (8 Ency. L., 487, and notes.) The plaintiff should be discharged on habeas corpus, since the court did not have jurisdiction to render

the judgment under which he is confined and restrained of his liberty. (Ex p. Webb, 24 Nev., 238; 51 Pac., 1027; Brown Jur., Secs. 97, 98, 110; Ex p. Clark, 126 Cal., 235; Miskimmons v. Shaver, 8 Wyo., 392; Church Hab. Corp., Secs. 362, 367, 368,.351; Ex parte Maule, 19 Neb., 698; 27 N. W., 119; Hamilton Case, 51 Mich., 174; Ex parte Dela,. 60 Pac., 217; People v. Liscomb, 60 N. Y., 559; 98 Fed., 984: 100 Fed., 639; 1 Pet., 328; 8 How., 540; Hurd Hab. Corp., 326-329; 26 W. Va., 37; 49 Mo., 291; 109 Ga., 62; 25 Fla., 214.) The failure of the mittimus to designate the crime for. which the prisoner was sentenced is of itself sufficient to entitle him to be discharged.

*J. A. Van Orsdel,* Attorney General, for the respondent.

There are three lines of authority covering statutes such as ours providing that upon a second conviction of petit larceny a person convicted shall suffer the punishment prescribed for those convicted of grand larceny. One line of authority is to the effect that the second offense must be specifically charged in the information; another line of authority is to the effect that it is not necessary to charge the second offense in the information, but that before sentence can be pronounced and the defendant committed for grand larceny, a sufficient showing must be made by the prosecution to inform the court by the introduction of the record of the first conviction, and such other evidence as may be necessary to inform the court of the fact that this is a second offense. There is also a line of authority to the effect that neither of these precautions on the part of the prosecution are necessary that the court may take cognizance of the second conviction and sentence accordingly. I am of the opinion that the procedure requiring the second offense to be set out in the information is by all odds the best practice.

The language of our statute, however, must be considered.

It will be observed by the court that the relator in this case was not sentenced for the crime of grand larceny, nor

committed to the penitentiary for that offense, but for the crime of petit larceny under a second conviction. (Atty. Gen'l. Rep., 1897-98, p. 64, for authorities.)    As to the method of procedure necessary to be followed in prosecutions of this kind, I will not cite authorities, for the three lines of procedure above referred to are all well defined.    In this case it appears that the court took judicial cognizance of the first conviction and fixed the sentence under the second conviction, as provided in such cases for petit larceny.

The case is not here upon error.    I am convinced that this record is not such a record as under the authorities will support a writ of habeas corpus; that the petitioner must·be relegated to a proceeding in error to properly raise the question complained of.

"If the question is upon the judgment of a court of competent jurisdiction, the petitioner in habeas corpus cannot impeach it upon the ground of an error or irregularity in the proceedings and sentence of the court, which does not go to the extent of impairing or taking away its power or jurisdiction to act in the case.    The reason is this, if any such erroneous or irregular action has occurred he has his appeal, on error or certiorari, and although on a review of an Appellate Court the objections presented might be amply sufficient to procure a reversal of the judgment, yet he cannot make the proceedings by habeas corpus a short cut to the same result, because that would be wresting the extraordinary remedy away from its proper object to make it subserve an entirely different purpose."    (Black on Judgments, Sec. 255, and cases cited.)    The writ will lie for lack of jurisdiction, or it will lie where the cause for which the petitioner has been committeed, "is a cause for which a man ought not to be imprisoned."    This, as I understand it, was the distinction made in the Miskimmins case, 8 ·Wyo., 392.

But in the case at bar the facts are different.    Petit larceny and upon conviction of a second offense are crimes for which men ought to be imprisoned who commit them.    There is no question as to the commission of this offense by the pe-

titioner; he admits it by his plea of guilty. The District Court of Crook County has general criminal jurisdiction ex-tending to all crimes committed under the laws of this State, among which are the crimes of petit larceny and petit larceny upon a second offense. This is clearly a case that should be in this court upon error.

An error by the trial court in fixing the period of sentence, though the court may sentence for a greater or less number of years than is authorized by the statutes, is not void, but voidable. (Ex parte Shaw, 7 O. S., 81; Ex parte Van Hagan, 25 O. St., 432; People v. Kavanaugh, 2 Abbott Practice, 89; Ex parte Bond, 9 So. Car., 80; Ex parte Crandall, 34 Wis., 177.)

Using the language of the Ohio decision, the court in the case at bar "had jurisdiction over the offense and its punishment." It had authority to pronounce sentence; it pronounced a sentence that in length of time is within the limits prescribed by the statute for the crime of petit larceny upon the second conviction. The defendant was not committed or sentenced for grand larceny, but for petit larceny, and the manner in which the court arrived at and determined the fact that this was a second conviction may have been erroneous; the court may have committed a manifest error, but "the sentence was not void, but erroneous."

CORN, JUSTICE.

An information was filed in the District Court charging the petitioner with the crime of grand larceny. He pleaded guilty of petit larceny, the plea was accepted by the prosecuting officer and entered in the journal of the court, and he was remanded to await sentence. Upon being called up for sentence he was informed that he would be sentenced to the penitentiary, the records of the court showing that he had once before been convicted of petit larceny; whereupon he asked leave to withdraw his plea of guilty and to plead not guilty to the information. This the court refused to permit, for the reason that material witnesses against him had been

permitted to depart and the jury for the term had been discharged. The court then proceeded to sentence him to the penitentiary for a term of two years and a half, the judgment reciting that "said James Bandy having heretofore, on June 9, 1900, been convicted of the crime of petit larceny, as will more fully appear on page 355 of this record, therefore, James Bandy is found to be guilty of the crime of grand larceny." Our statute, after fixing the penalty in petit larceny at imprisonment in the county jail for not more than six months and a fine not exceeding one hundred dollars, prescribes that "upon a second conviction of petit larceny in this State, the person convicted shall suffer the punishment prescribed for those convicted of grand larceny." (R. S., Sec. 4985.)

Two questions are presented in this case: First, did the court err in sentencing the defendant to the penitentiary upon his plea of guilty of petit larceny, and, second, conceding that the judgment was erroneous, is the defendant entitled to be discharged upon habeas corpus?

It would seem to be beyond controversy that there is nothing to support the finding of the court that the defendant was guilty of grand larceny. He was not tried upon that charge either by a jury or the court, and his plea was guilty of petit larceny only, which, when accepted by the court, operated as an acquittal of the charge of grand larceny upon the same facts. And the statute does not purport that the second offense of stealing property of less value than twenty-five dollars shall constitute grand larceny. The provision relied upon merely designates the punishment by reference to the punishment for grand larceny. It might designate the punishment for an aggravated assault, or any other offense, in the same way. It is plain, therefore, that the finding is entirely unsupported.

This view of the matter, however, is to some extent technical and formal, and it may, perhaps, be reasonably maintained that the mere misnaming of the offense will not vitiate the judgment, if it is otherwise legal and valid.

But we think that, in reason and by the great weight of authority, as the fact of a former conviction enters into the offense to the extent of aggravating it and increasing the punishment, it must be alleged in the information and proved like any other material fact, if it is sought to impose the greater penalty. The statute makes the prior conviction a part of the description and character of the offense intended to be punished. (Tuttle v. Com., 2 Gray (Mass.), 505; Clark's Crim. Proc., 204.) In this case the information did not charge the larceny as a second offense, no proof was offered identifying the petitioner as the person shown by the record to have been formerly convicted, his plea of guilty was not to the charge of the larceny as a second offense, and he was denied any opportunity to plead to or defend against such charge. We are clearly of the opinion that the judgment was erroneous and could not be sustained upon a proceeding in error.

The second question, whether the petitioner is entitled to be discharged upon habeas corpus proceedings, presents greater difficulty. Jurisdictional facts alone are to be considered. If the court had jurisdiction of the person and of the subject matter, and to render the particular judgment in question, the inquiry is at an end and, however erroneous the judgment may be, the applicant will be remanded into custody. If, upon the other hand, the court had jurisdiction of the person and of the subject matter, but was without jurisdiction to render the particular judgment, then such judgment is void—is, in effect, no judgment at all, and the applicant must be discharged. This proposition was carefully considered by this court in Miskimmins v. Shaver, 8 Wyo., 392, and we think is well settled by the later and best considered decisions. But the distinctions between judgments which are simply erroneous and voidable and those which are absolutely void are often so narrow that it is not easy to apply them in particular cases.

The view that the action of the court in this case was mere error and not in excess of its jurisdiction is very strongly

and ingeniously argued by the counsel for the State. The argument is in substance: That the court, without question, had jurisdiction of the crime of petit larceny as a second offense. It also had jurisdiction to punish by imprisonment in the penitentiary for that offense. It was true and was proven to the satisfaction of the court that the defendant was guilty, and that it was the second offense, and the applicant is, therefore, suffering only the legal and appropriate sentence for his crime; that the method by which the court determined the fact that it was the second offense was merely an error in the procedure and did not affect its jurisdiction; that, therefore, the judgment is erroneous, but not void.

The argument is ingenious and, as before remarked, the distinctions between judgments which are merely erroneous and voidable and those which are void, are often somewhat elusive. But we are disposed to think the argument proves too much. By the same reasoning, if a prisoner were indicted for petit larceny and it was proven upon the trial, or otherwise came to the knowledge of the court, that the larceny was from the person and by violence, he might be found guilty of robbery and sentenced to the penitentiary for fourteen years, while the maximum penalty for the offense to which the prisoner was called upon to answer was but six months in jail and a hundred dollars' fine. The cases seem to be parallel, and yet, in the latter, it would not be contended that there was a mere error of procedure; very clearly the court would be without jurisdiction to render such judgment, for the reason that its effect is to sentence the prisoner for a crime for which he has not been indicted, upon a charge for which he has not been tried and to which he has had no opportunity to plead, thus denying him his constitutional right to demand the nature and cause of the accusation against him and to have a trial by jury. He is deprived of his liberty without due process of law. And when any constitutional right or immunity of a person is violated, the judgment of the court is void. (Brown on Jurisdiction, Sec. 97.)

In a case in Nevada the petitioner was indicted for the

crime of murder, alleged to have been committed in the perpetration of the crime of rape. By the verdict of the jury he was convicted of the crime of rape and the court sentenced him to twenty years' imprisonment. He was discharged upon habeas corpus, and the Supreme Court, in concluding their opinion, say: "Believing the judgment in this case to be void because the court had no jurisdiction of the subject matter (that is, of the crime for which he was convicted), for the reason that the defendant was neither indicted nor tried for the crime of rape, and that the execution of the judgment deprives the petitioner of his liberty without due process of law, the commitment issued on said judgment does not justify his further detention, and he will accordingly be discharged." (Ex parte Dela, 60 Pac., 217.) The reason here is stronger than in the Nevada case in the respect that the judgment imposes a greater punishment than the maximum authorized by law for the crime of which the defendant pleaded guilty. And it is to be observed also that it is not a case either in which the court has simply exceeded its jurisdiction by sentencing the applicant to a longer term than that authorized by law. But it imposed an infamous punishment, entirely unauthorized by law, for the offense to which he pleaded guilty. It was as completely without jurisdiction to make the order as if it had sentenced him to be hanged.

In Ex parte Lange, 18 Wall., 176, Mr. Justice Miller, in discussing this subject, says: "It was error, but it was error because the power to render any further judgment did not exist. It is no answer to this to say that the court had jurisdiction of the person of the prisoner, and of the offense under the statute. It by no means follows that these two facts make valid, however erroneous it may be, any judgment the court may render in such case. If a justice of the peace, having jurisdiction to fine for a misdemeanor, and with the party charged properly before him, should render a judgment that he be hung, it would simply be void. Why void? Because he had no power to render such a judgment,

so if a court of general jurisdiction should, on an indictment for libel, render a judgment of death, or confiscation of property, it would, for the same reason, be void."

Counsel contend that the judgment was not a conviction of grand larceny, but of petit larceny as a second offense. We think the record shows that the petitioner was found guilty of grand larceny and sentenced as for that offense, the court apparently adopting the view that petit larceny as a second offense constituted the crime of grand larceny under the statute. But we are unable to perceive that the form of the judgment, in that particular, affects the questions involved in any substantial way; nor does the fact that the information charged grand larceny. The petitioner did not plead guilty either to grand larceny or to petit larceny as a second offense, and he was not tried or, in any lawful way, found guilty upon either charge.

For the reasons stated, we are of the opinion that the judgment is void and that the petitioner must be discharged.

POTTER, C. J., and KNIGHT, J., concur.