**Ruben Eliu VALERIO, Appellant**
**(Petitioner below),**

v.

**The STATE of Wyoming, Appellee**
**(Defendant below).**

**No. 3697.**

Supreme Court of Wyoming.

Oct. 14, 1968.

Bernard E. Cole, Cheyenne, for appellant.

James E. Barrett, Atty. Gen., Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

PER CURIAM.

Ruben Eliu Valerio was convicted by a jury of armed robbery and sentenced to the penitentiary. Some three months after his appeal from the conviction in which this court found there to have been no reversible error,[1] he filed a petition for post-conviction remedy in the district court, charging error which he had not mentioned in the appeal, namely, violation of his constitutional rights (1) because prior to the time of trial he had not received a copy of the second amended information, did not plead to it, and was not informed of it at the time of the trial, and (2) because while he had been alone in a room and without the presence of his attorney he had been identified by the prosecuting witness and as a result had been charged with and convicted of the crime. By its order denying post-conviction relief, the district court found that in the proceedings resulting in the conviction there was no substantial denial of constitutional rights, that although Valerio had not been served with and had not received a copy of the second amended information, was not arraigned thereon, and had not entered a plea thereto, he had been fully informed of the charges contained in the second amended information, which had been read to the jury after the jury had been selected while he and his counsel had been present, that the court's instructions to the jury contained the full contents of the second amended information, and further that the petitioner had waived any defects in constitutional or statutory procedures.

Appellant here contends that his rights were denied under the Sixth, Fifth, and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 10, Wyoming Constitution, and that his conviction resulted from such denials and improper administration of Wyoming Criminal Procedure, since the amendment

---

1. Valerio v. State, Wyo., 429 P.2d 317, 320.

of the information with which he was not served and to which he did not plead was one of substance and not of form, and further urges that his conviction resulted from a violation of rights by a police line-up identification out of the presence of his counsel.

A review of the record discloses that the first information served on Valerio in the delineative portion stated, "did forcibly and feloniously take from Pete Junior Bonney the amount of $2,000.00 by putting in fear when a firearm was displayed in the commission of said $2,000.00." This portion was altered in the amended information so that it read, "did forcibly and feloniously take from Pete Junior Bonney the amount of $2,000.00 by putting in fear when a firearm was displayed in the commission of said offense," and later in the second amended information to read, "did forcibly and feloniously take from the person and possession of Pete Junior Bonney a sum of money in excess of $2,500.00, said sum of money being then and there the property of Barkalow Bros., Inc., by putting the said Pete Junior Bonney, an employee of said Barkalow Bros., Inc., in fear by display of a firearm in the commission of said offense."

Appellant's argument that under the provisions of the Constitution it was essential for him to have been served with and respond to the second amended information apparently stems from his claim that an information charging armed robbery must allege the ownership of the property taken. He misconceives the law on that aspect, the case upon which he relies having been overruled.[2] The amendment of the information was one of form and not of substance so that no error occurred in proceeding with the trial without service of the second amended information or a plea thereto. Additionally, the trial court was correct in its finding that Valerio had waived the error now claimed.[3]

As to appellant's contention that while he had been alone in a room and without the presence of his attorney had been identified by the prosecuting witness, no authorities or cogent argument is presented to show error.

The judgment of the trial court is affirmed.

---

2. McGinnis v. State, 16 Wyo. 72, 91 P. 936, was overruled by Elliott v. State, 47 Wyo. 36, 30 P.2d 791.

3. People v. Jennings, 411 Ill. 21, 102 N.E.2d 824, 826 and 827.