**Don Willard ALBERT, Appellant**
**(Petitioner below),**

v.

**The STATE of Wyoming, Appellee**
**(Respondent below).**

No. 3805.

Supreme Court of Wyoming.

March 20, 1970.
Rehearing Denied April 28, 1970.
See 468 P.2d 968.

John A. MacPherson, Rawlins, William J. Knudsen, Jr., Laramie, for appellant.

James E. Barrett, Atty. Gen., Jack Speight, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE and McEWAN, JJ., and PEARSON, District Judge.

Mr. Justice McINTYRE delivered the opinion of the court.

Don Willard Albert was found guilty in the District Court of Carbon County, Wyoming, on November 30, 1955, of the crimes of second degree murder and sodomy. After more than 12 years, on February 12, 1968, defendant made application for post-conviction relief under the provisions of §§ 7–408.1 to 7–408.8, W.S.1957, 1969 Cum. Supp.

It must be observed at the outset, the proceeding we are called upon to review is not an appeal from the judgment of conviction against the defendant. Time for such an appeal expired many years before the initiation of defendant's petition for post-conviction relief.

Although parties have not discussed the authority and jurisdiction of the district court to consider defendant's petition for relief under Wyoming's post-conviction act, we cannot avoid the giving of attention to that provision in § 7–408.1 which states:

"* * * No proceeding under this act shall be commenced more than five years after the conviction and sentence of the accused, unless the petitioner alleges facts showing that the delay was not due to his own neglect."

Defendant's petition for post-conviction relief states, in the six years following enactment of the post-conviction act, petitioner filed several writs and motions for habeas corpus and mandamus and therefore cannot be said to have been neglectful in pursuing his statutory remedies. The petition fails to allege facts showing that the delay in filing for relief under the post-conviction act was not due to defendant's own neglect.

We fail to find in the record brought to us for review any evidence tending to excuse the delay in filing for relief under the post-conviction act. Since defendant did not apply for such relief within five years after his conviction and sentence nor within five years after enactment of the post-conviction act in 1961, we can only conclude he has waived any right to ask for relief under such act. Even on appeal, nothing has been suggested which would show that the delay in filing for post-conviction relief was not due to defendant's own choice or neglect.

No effort has been made to show that the five-year limitation for bringing an action under the post-conviction act is unconstitutional or inoperative. We have often said a law will not be declared unconstitutional unless its unconstitutionality is clearly shown. Kuntz v. Kinne, Wyo., 395 P.2d 286, 288–289; Bulova Watch Company v. Zale Jewelry Company of Cheyenne, Wyo., 371 P.2d 409, 417; Brinegar v. Clark, Wyo., 371 P.2d 62, 64.

However, in addition to defendant's petition for relief under the post-conviction act, he also brought a habeas corpus action in district court. It was consolidated with

the post-conviction case. Then too, a habeas corpus action was brought in our court in addition to defendant's appeal in the post-conviction case. We dismissed the habeas corpus action in our court, reserving to defendant the right to assert any claims for relief which were asserted in the habeas corpus action.

█ The right to assert such claims does not in any case afford the right to treat present proceedings as an appeal from the original trial in which defendant was convicted. Even if we assume, despite the delay in filing defendant's petition for post-conviction relief, that he can claim there was a substantial denial of his rights under the constitution of the United States or of this state, we need not review the original trial proceedings unless and until it is shown that such is necessary to review some claim having to do with the denial of constitutional rights.

The only claims asserted on behalf of defendant, in our court, are these:

1. Petitioner's constitutional rights were violated when his counsel failed to appeal his judgment of conviction.

2. Petitioner's constitutional right to counsel was denied in the 1955 trial when he and his codefendant, whose interests were in direct conflict, were represented by the same counsel.

3. Petitioner, in the post conviction proceeding filed in 1968, was entitled to a transcript of the entire proceedings of the 1955 trial.

We find no evidence of a violation of defendant's constitutional rights, in connection with any of the three claims he makes. We will review each briefly.

### First Claim

█ Albert testified at the post-conviction hearing that he requested C. L. Bates, his court-appointed attorney, to file an appeal of his conviction in 1955. From that, his present counsel argues the denial of an indigent's request for an appeal in a criminal case requires an appeal to be granted at a later date.

The trouble with the argument is that it does not fit the facts. The district court found, after its hearing in connection with defendant's petition for post-conviction relief, that Albert had been advised of his right to appeal, following his conviction; and that he chose not to do so.

Attorney Bates and the man who had been county sheriff at the time of Albert's conviction testified defendant was told of his right of appeal; that Bates offered to perfect one if Albert wished it done; and that Albert was not interested in an appeal and simply wanted to go to the penitentiary.

It goes without saying that the court was entitled to believe Bates and the former sheriff and to disregard the self-serving statements of the defendant. This is especially true since actions of the defendant following his conviction contradict what he now claims. There is no evidence that defendant was denied contact with the courts, or with officers of the court, or the warden and officers at the penitentiary. Yet, he made no effort to obtain a review of his conviction until 1963 when he first instituted a *pro se* habeas corpus application.

### Second Claim

Albert and a codefendant, Raymond A. White, were charged and tried together at the original trial in 1955. Petitioner says both defendants were in effect represented by one attorney, C. L. Bates. It is admitted another attorney, James F. Sloss, also represented both defendants.

Petitioner now claims there was a conflict of interest between himself and White. His attorney maintains the law is clear, if one attorney represents two codefendants in the same criminal case, and if the interests of the two defendants are in conflict, then the conviction must be reversed for violation of defendant's rights under the Sixth Amendment. Counsel for Albert admits, however, that a conflict of interest must exist.

It is not unusual for two persons who have acted together in the commission of a crime to be charged and tried together as codefendants. In this particular case Albert signed a consent which declared there were no conflicting interests between himself and White and authorized the same attorneys to represent both himself and his codefendant. Such consent states:

"To Honorable Judge Parker, District Judge.

"I Don Willard Albert do hereby consent to the court appointment of C. L. Bates and James F. Sloss as my attorneys in the trial of November 28, 1955 at 9:00 o'clock a. m.

"I Don Willard Albert declare that there are no conflicting interests between Raymond A. White and myself in these matters, and agree that Mr. Bates and Mr. Sloss are acceptable as my attorneys as well as being the attorneys for Raymond A. White."

Petitioner claims he had given a statement saying White had unnatural sex relations with their male victim; but he did not know White had given a statement saying he (Albert) had unnatural sex relations with the victim. This is the only conflict of interest now asserted on behalf of Albert.

The question of who did or did not commit an act of sodomy is different from a question like who struck the blow which killed a victim. The jury must have found White guilty of one act of sodomy and Albert guilty of a separate act of sodomy.

The question for the jury was not which *one* of the defendants did a single act of sodomy. It was whether sodomy was committed, and if so, whether by one or both of the defendants. The situation is not like saying, if A struck the fatal blow, then B did not—and *vice versa*.

■ We think Albert has failed to show a sufficient conflict of interest with White to lead to the conclusion that Albert was denied his constitutional right to counsel.

However, even if there was a conflict of interest, and even if Albert's written consent for representation by the same attorneys who represented White was not a sufficient waiver of the right now to object, there still is no evidence or claim that Albert objected to joint representation when he learned of White's statement.

■ A defendant ought to object at the trial level to joint representation, if he expects to claim he was denied effective assistance of counsel on account of such joint representation. If such objection is not brought to the attention of the trial judge, with an opportunity for him to act on the matter, it ordinarily may not be reviewed for the first time on appeal or in a post-conviction review. Lott v. United States, 5 Cir., 218 F.2d 675, 681; State v. Carpenter, 1 Ariz.App. 522, 405 P.2d 460, 466; People v. Monk, 56 Cal.2d 288, 14 Cal.Rptr. 633, 363 P.2d 865. See also Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158, 163, 100 L.Ed. 83; and Valerio v. State, Wyo., 429 P.2d 317, 319, reh. den. 445 P.2d 752.

In People v. Tyler, 258 Cal.App.2d 661, 65 Cal.Rptr. 907, 910, the court said it is incumbent upon the trial judge, upon timely objection to joint representation of codefendants by a single attorney on the basis of conflicting interests, to appoint separate counsel. It was then stated:

"* * * but the defendant who has failed to assert this objection early in the trial proceedings may not rely upon joint representation as grounds for reversal upon appeal * * *."

### Third Claim

Under this claim, the question is whether defendant-Albert has shown a need for a transcript of his trial in 1955.

With respect to his first claim of violation of constitutional rights, it has to do with an assertion that such rights were violated because his attorney failed to appeal. The decision to appeal or not to appeal necessarily came after the trial in which Albert was convicted. Therefore,

nothing would be contained in a transcript of the original trial which could benefit petitioner in connection with his first claim.

Regarding the second claim, a full hearing was held on Albert's petition for post-conviction relief. The court found from the evidence presented at such hearing that Albert had consented in writing to the appointment of C. L. Bates and James F. Sloss as his attorneys; and that he had declared there were no conflicting interests between the codefendants.

Albert's consent to being represented by Bates and Sloss, with his declaration that there was no conflicting interest, was filed six weeks before his trial. If a conflict of interest developed when Albert learned of the statement of White—whether before or during the trial—he should have objected and asked for something to be done about it at that time. According to the cases we have cited, he cannot be heard to complain at this late date and for the first time in a petition for post-conviction relief.

We are necessarily aware that Albert was present at his trial. He knows what was done and what was not done at that time. He does not claim to have objected to the trial court or to anyone at all about joint representation. Neither does he say that he ever asked for separate representation at the time of trial or at any reasonable time after trial.

█ We must conclude, therefore, that a transcript of testimony taken at the 1955 trial would not reflect anything helpful to Albert in connection with his claim that he was denied his constitutional right to counsel when he and his codefendant were represented by the same two attorneys.

*Summary.* On the whole, defendant-Albert has failed to show a denial of substantial constitutional rights in his 1955 trial, and his petition for post-conviction relief was properly denied by the district court.

Affirmed.

GRAY, C. J., and PARKER, J., not participating.