**Don Willard ALBERT, Appellant (Petitioner below),**

v.

**The STATE of Wyoming, Appellee (Respondent below).**

No. 3805.

Supreme Court of Wyoming.

April 28, 1970.

————◆————

John A. MacPherson, Rawlins, William J. Knudsen, Jr., Laramie, for appellant.

On Petition For Rehearing

Before McINTYRE and McEWAN, JJ., and PEARSON, District Judge.

PER CURIAM.

The defendant, Don Willard Albert, has petitioned for rehearing. He asserts, only by a line-by-line reading of the original trial transcript can it be determined whether the state's evidence was sufficient to prove defendant-Albert guilty of sodomy and murder in the second degree.

We made it clear in our original opinion (Albert v. State, Wyo., 466 P.2d 826) that the proceeding under review was not an appeal from the judgment of conviction. Inasmuch as Albert had been convicted November 30, 1955, time for an appeal expired several years ago.

Petitioner's desire to search a transcript of the original trial for a possible deficiency in evidence could only have helped him in connection with a timely appeal. As far as the weight of evidence is concerned, the conviction judgment became *res judicata* when no appeal was taken. No matter what a transcript might reflect with respect to sufficiency of evidence, it could not benefit defendant in connection with his present claim that there was a substantial denial of constitutional rights.

Defendant also indicates in his petition for rehearing that he would hope, through a line-by-line reading of the transcript, to find something on which to base a claim that he was denied the effective assistance of counsel. We think our original opinion makes it clear such a claim, if there were grounds for it, should have been made to the trial court either at the time of trial or within a reasonable time after. Even the statutory time for seeking relief under the post-conviction act expired before Albert ever suggested that he may have not had effective assistance of counsel at his trial.

Our former opinion dealt with the matter of conflict of interest on the part of counsel. Although Albert was present during his trial and knows what happened or did not happen, he still does not suggest any additional grounds or reason for saying he was denied effective assistance of counsel. In Barnett v. State, Okl.Cr., 446 P.2d 89, 92, where a petitioner offered nothing to indicate in what way or manner his counsel failed to adequately protect him, it was held his petition was without merit.

Rehearing denied.