Rudy Patino MUNOZ, a/k/a Rudy Munoz, Appellant (Defendant below),

v.

Herb MASCHNER (Warden of Wyoming State Penitentiary), Honorable John T. Dixon (Fifth Judicial District Judge, Wyoming), Mr. J. E. Darrah and Mr. G. L. Simonton (Park County Prosecuting Attorneys), the People of the State of Wyoming, et al., Appellees (Respondents below).

No. 4973.

Supreme Court of Wyoming.

March 6, 1979.

Rudy Munoz, pro se.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Gay V. Bartels, Asst. Atty. Gen., signed the brief on behalf of the appellees.

Before RAPER, C. J., and McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

---

\* ROONEY, J., having recused himself from participation in this case, GUTHRIE, J., Retired, was assigned, having been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977, by order of the court entered on January 1, 1979.

PER CURIAM.

The appellant-petitioner appeals pro se[1] from an order of the district court dismissing his petition for post-conviction relief.[2] In his original petition and in this appeal, appellant asserts he was entitled to relief for these reasons:

(1) The jury did not return a verdict which determined the value of the property stolen as required by § 7–11–502, W.S.1977.

(2) The court failed to instruct and ask the jury to return a verdict as to petitioner's status as an habitual offender.

(3) The trial court erred in sentencing him under the grand larceny statute when he was not tried, convicted and sentenced under that statute.

Petitioner further alleged that in each of the above instances, numerous of his constitutional rights, both state and federal, were violated.

We will affirm.

▮ The post-conviction relief statute is cumulative and repeals no existing laws. § 7–14–108, W.S.1977. The right to claims for relief by petition for post-conviction relief does not afford the right to treat such proceedings as an appeal from the original trial; original trial proceedings will not be reviewed by post-conviction proceedings unless and until it is shown that such is necessary to review some claim having to do with denial of petitioner's constitutional rights. *Albert v. State*, Wyo.1970, 466 P.2d 826, 828, reh. den. 468 P.2d 968. It is virtually universally recognized that post-conviction relief is not a substitute for an appeal and the petition will not lie where the matters alleged as error could or should have been raised in an appeal or in some other alternative manner. 24 C.J.S. Criminal Law § 1606(9), pp. 696–705; see, West's Digest

---

1. Petitioner was originally appointed counsel but asked that counsel be fired and he be allowed to proceed on his own behalf. The court obliged.

2. §§ 7–14–101 to 7–14–108, W.S.1977.

System, Criminal Law, Key Number 998(2). Relief may be granted only in extraordinary circumstances which strongly suggest a miscarriage of justice.

> " * * * Contentions going to the regularity of the proceedings at the trial are not available in the statutory proceeding, and the proceeding cannot be used to raise a question whether errors were committed in the course of the trial. * * " 24 C.J.S. Criminal Law, § 1606(6), p. 682. (Footnotes omitted.)

■ The issues raised by appellant relate only to claimed irregularities at trial which are not of constitutional dimensions. They are matters which are evident in the record and which could and should have been raised in an appeal.[3]

■ Petitioner's first issue deals with a requirement that when an indictment charges larceny, the jury must, in their verdict, state the value of the property stolen. § 7–11–502, W.S.1977.[4] This court has held that it is mandatory that the value of property be specified in the verdict. *State v. Chambers*, 1952, 70 Wyo. 283, 249 P.2d 158. This court has subsequently considered a similar question in *Kennedy v. State*, Wyo.1977, 559 P.2d 1014. In *Kennedy,* a statutorily prescribed finding of sanity was omitted from the form of verdict, but this court there applied the usual considerations on appeal; error cannot be first asserted on appeal, there must be prejudicial error before a verdict is overturned and instructions must be considered as a whole to determine if the jury was called upon to determine various questions incorporated in a general verdict of guilt.

The question here is whether there is any constitutional violation involved in omission of a stated money value from the verdict of guilty. This court has not considered that question.

■ The requirements of procedural due process are applicable only upon a showing that protected liberty has been affected. The determination as to when the process demands are met requires a decision as to whether, upon the whole course of proceedings and in all the attending circumstances, there was a denial of fundamental fairness and this is a question of judgment and degree. *Pinedo v. United States*, 9th Cir. 1965, 347 F.2d 142. In *State v. Maldonado*, 1962, 92 Ariz. 70, 373 P.2d 583, the concept of due process is described by reference to *Lisenba v. People of State of California*, 1941, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166, 180, wherein it was said that denial of due process "[a]s applied to a criminal trial * * * is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it * * * [the Court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial."

■ A petitioner seeking post-conviction relief has the burden of showing that he has been denied constitutional safeguards. *Brooks v. Gladden*, 1961, 226 Or. 191, 358 P.2d 1055, cert. den. 366 U.S. 974, 81 S.Ct. 1942, 6 L.Ed.2d 1263. Petitioner has failed in that regard. We cannot see any absence of fundamental fairness in the procedural irregularity of failing to note the value of stolen property on the verdict. The evidence did show that without a doubt the petitioner stole gasoline, and we would be devoid of common sense to believe that

---

3. The petitioner, in 1976, did in fact appeal from his conviction; and it appears in the records of the Clerk of this court as Case No. 4658. That appeal progressed through the filing of briefs and setting for oral argument. In that file, there is a Motion to Dismiss, signed personally by the appellant-defendant, appellant-petitioner here, and his attorney. On September 13, 1976, before consideration and decision, this court accordingly made and entered its Order of Dismissal.

4. § 7–11–502, W.S.1977:

"When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained."

gasoline has no money value. There could be no prejudice. We should not be understood to mean that courts need not adhere to the legislative direction that the value should show on the verdict. It does serve a more valuable purpose when grand larceny is charged to make sure that the jury finds stolen property to be of a value in a statutory amount of "one hundred dollars ($100.00) or upwards," § 6–7–301, W.S.1977. Nor should we be understood as suggesting what our decision would be had this question been presented on appeal, rather than in a post-conviction proceeding.

The defendant was charged with petit larceny, but it was alleged in the information that he had been previously convicted of petit larceny in this state. Under § 6–133, W.S.1957 (now § 6–7–302, W.S. 1977 [5]) a person found guilty of petit larceny, it being the second conviction of petit larceny, "shall suffer the punishment prescribed for those convicted of grand larceny." The jury found the defendant guilty "as charged in the Information," [6] but the question of it being a second offense of petit larceny was not presented to the jury nor was that part of the information given to the jury.[7] No objections to the instructions were made.

The trial judge considered the punishment on the basis of the evidence he had before him but not presented to the jury that the defendant had been convicted previously of petit larceny in 1974, as well as auto theft. Those appeared in the presentence report by the probation department and defendant was personally accorded an opportunity to correct any errors in the report. He had no disagreement with the facts set out with respect to previous convictions. The petitioner, during his testimony at the trial, admitted that he had been convicted of a felony, i. e., auto theft. That, however, was for purposes of impeachment.

The old case of *Bandy v. Hehn*, 1902, 10 Wyo. 167, 67 P. 979, as precedent, must be overruled in part. In that instance, the defendant was charged with grand larceny. No allegation of a previous conviction of petit larceny appeared in the information nor did he have any other notice of the consequences of a plea of guilty to petit larceny. He tendered a plea of guilty to petit larceny which was accepted. At sentencing time, "without any evidence being introduced against him, or his identification as one who had been previously convicted of the same offense, and without a jury, and against his objection, and over his request to withdraw his plea of guilty of petit larceny and plead not guilty," 10 Wyo. 169, 67 P. 979, he was, in the trial court, adjudged guilty of grand larceny on the basis of a journal record showing a former conviction for petit larceny. This court then held the judgment void because the defendant was denied due process—that he

5. § 6–7–302, W.S.1977:
  "Whoever unlawfully steals, takes and carries, leads or drives away the personal goods of another, of the value of any sum less than one hundred dollars ($100.00), is guilty of petit larceny, and shall be imprisoned in the county jail not more than six (6) months and be fined in any sum not exceeding one hundred dollars ($100.00). Upon a second conviction of petit larceny in this state, the person convicted shall suffer the punishment prescribed for those convicted of grand larceny."

6. The information in pertinent part:
  " * * * Rudolph Munoz late of the county aforesaid, on the 26th day of March, A.D. 1975 at the County of Park in the State of Wyoming, did unlawfully and feloniously steal, take, and carry away the personal goods of Edgar Motors, Powell, Wyoming, consisting of a quantity of gasoline, of the value of a sum less than $100.00, the said Rudolph Munoz having previously been convicted of the crime of petit larceny in this state on the 3rd day of September, 1974, before Hunter Patrick, Justice of the Peace, Park County, Wyoming."

7. Instruction No. 4:
  "The Court instructs you that the material allegations of the information in this matter are:
  "That Rudolph Munoz on the 26th day of March, 1975 in the County of Park in the State of Wyoming did unlawfully and feloniously steal, take and carry away the personal goods of Donald Collins at Edgar Motors, Powell, Wyoming consisting of a quantity of gasoline of the value of less than $100.00. * * * *"

must be charged in the information with the previous conviction *"and proved like any other fact"* to the jury. We overrule only that part of *Bandy* which would require proof along with the facts of the basic offense of a previous conviction to the jury.

The procedure of proving a previous crime to a jury as part of the charge has been severely criticized and justifiably so. See case note, "Recidivist Procedure," III Land and Water Law Rev. 191 and "A Criticism of Wyoming's Habitual Criminal Act," 6 Wyo.L.J. 311. Justice Blume, in his concurring opinion to *Waxler v. State*, 1950, 67 Wyo. 396, 419, 224 P.2d 514, 522, in discussing the process of introducing into evidence the former convictions of a defendant at the same time that the defendant is tried for the later offense stated,

" * * * The fairness of that procedure may well be questioned. We said in *Perue v. State*, 43 Wyo. 322, 328, 2 P.2d 1072, 1073, that: 'There can be no question of doubt, nor is it of trivial moment, that an accused is prejudiced in the minds of a jury, when evidence appears against him which would indicate habitual criminalty.' [sic] That is just as true today as it was when the case cited was decided. * * * * "

The court, in *Waxler*, was considering §§ 9–109 to 9–111, W.C.S.1945.[8] In 1973, the legislature established a bifurcated procedure:

"(a) In charging a person with being an habitual criminal, the information or indictment shall set forth the felony committed within the state and shall allege the two or more previous convictions or felonies relied upon by the state.

"(b) The trial on the felony committed within the state shall proceed as in other cases, except that the jury shall not be informed of the previous convictions of felonies. If the jury returns a verdict of guilty, then the defendant shall be tried immediately by the same jury upon the issue of whether or not he has been previously convicted of two or more felonies, unless the defendant has entered or enters a plea of guilty to the information or indictment charging the prior convictions.

"(c) In any trial under the provisions of this act, a duly authenticated copy of the record of former convictions and judgments of any court of record for any of the offenses charged against the defendant indicted or informed against by the state shall be prima facie evidence of such convictions and may be used in evidence against the defendant."

§ 2, ch. 15, S.L.Wyo. 1973 (amending § 6–11, W.S.1957, now § 6–1–111). Section 6–133, W.S.1957 (now § 6–7–302) does not come within this section because it deals only with a petit larceny previous conviction, not a felony.

The petitioner is asking the court to perpetuate a procedure having elements of unfairness no longer considered acceptable, in order to set aside his conviction, a practice in which we do not care to indulge. The question of whether a determination by the court or a jury of a second or previous conviction or at what stage for purposes of enhancing punishment raises no constitutional question. It raises only a question of

8. W.C.S.1945:

"9–109—Every person convicted in this State of a felony who shall previously have been twice convicted of a felony, whether in this State or elsewhere, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the State Penitentiary for a period of not less ten (10) years nor more than fifty (50) years."

"9–110—Every person convicted in this State of a felony who shall previously have been three times convicted of a felony, whether in this State or elsewhere, shall be punished by imprisonment in the State Penitentiary for not less than life; provided, however, that nothing in this Act [§§ 9–109—9–111] shall abrogate or effect the punishment of death in any and all crimes for which the punishment of death is now, or hereafter, may be inflicted."

"9–111—Provisions of this Act [§§ 9–109—9–111] shall apply only when previous convictions are set forth in the information or indictment charging the defendant, and proof thereof shall be made."

These sections later became §§ 6–9 through 6–11, W.S.1957, except that in § 6–9 the number of convictions was increased to three and in § 6–10 to four.

procedure. In *Spencer v. State of Texas,* 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, the court recognized that whether the question is presented to the jury or the court, even though there is a potential for prejudice when presented to a jury, it deals with a rule of evidence, not a question of constitutional due process. The Supreme Court found no constitutional fault with a court determining prior convictions for the purpose of enhanced punishment, 385 U.S. at 566, 87 S.Ct. at 655, citing the Missouri practice, Mo.Rev.Stat. 556.280(2) (1959).[9]

Since the procedure of proving the previous offense to the jury, approved, even required, by *Bandy v. Hehn,* supra, is no longer tolerable in the light of § 6–1–111(b) policy, then we must decide if the mode of applying the previous conviction followed by the trial court was a suitable practice. Where there is no question about the previous conviction for petit larceny, as here, what is accomplished by presenting the question to a jury?

As said in *Block v. State,* 1968, 41 Wis.2d 205, 163 N.W.2d 196, a charge of being a repeater is not a charge of a crime and, if proved, only makes the defendant eligible for an increase in penalty for the crime of which he is convicted. The same court took the view that proof of prior convictions must be viewed to mean in connection with the sentencing process and not contemporaneously with the issue of guilt. The prior conviction is not relevant to the issue of guilt for the crime but goes only to the issue of punishment.

A number of state courts have held that it is not a constitutional violation to provide that the court alone make the determination with respect to previous convictions. *Howard v. State,* 1967, 83 Nev. 53, 422 P.2d 548; *State v. Brewer,* Mo.1960, 338 S.W.2d 863; *Levell v. Simpson,* 1935, 142 Kan. 892, 52 P.2d 372. There is no constitutional right to a jury trial on the issue of a second offense, where a hearing is for the purposes of sentencing only. Being a second offender is a status related to the degree of punishment and is not a separate offense.

*State v. Losieau,* 1969, 184 Neb. 178, 166 N.W.2d 406; *Mergenthaler v. State,* Del. 1968, 239 A.2d 635; *State v. Hoffman,* 1963, 236 Or. 98, 385 P.2d 741.

■ Since no procedure was provided by the legislature for handling the punishment of a second offender under the petit larceny statute, § 6–7–302 supra, and since § 6–1–111(b), deals only with habitual felony convictions, the trial judge was perhaps at a loss as to an appropriate procedure to follow. He carried out the legislative intent of providing heavier punishment for successive offenders, the purpose of which is to deter persons with criminal tendencies, in this case, petty thieves, 39 Am.Jur.2d Habitual Criminals, § 3, p. 310. He followed a constitutionally acceptable practice. All of the basic elements of due process were present; notice, a hearing and an opportunity to be heard, representation by counsel and an opportunity to call witnesses. *Sims v. State,* Wyo.1975, 530 P.2d 1176. The information alleged the old offense, a sentencing hearing was provided, the petitioner had an opportunity to show that he had no previous petit larceny conviction, he was represented by counsel and could have produced witnesses.

Affirmed.

THOMAS, Justice, specially concurring.

I concur in the portion of the majority opinion which holds that Munoz is foreclosed from presenting the issues he relies upon under the post-conviction remedy afforded by our statute. I agree completely with the concepts of finality which are set forth in the court's opinion. Once that conclusion has been reached, however, it then seems to me unnecessary to in any manner indicate how those issues would have been disposed of if properly presented. Our holding that we will not examine them for me makes further discussion inappropriate.

---

9. Still appears in the 1969 Revised Statutes of Missouri.