Charles Arthur POTE,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–120.

Supreme Court of Wyoming.

March 6, 1987.

Rehearing Denied March 30, 1987.

Richard Wolf, Cheyenne, for appellant (defendant).

Charles Arthur Pote, pro se.

A.G. McClintock, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Terry L. Armitage, Asst. Atty. Gen., Cheyenne, for appellee (plaintiff).

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This appeal is from the district court's denial of appellant's petition for post-conviction relief. Appellant raises the following issues:

I

"Did the Court err in not disqualifying himself from hearing the Petition for Post Conviction Relief?

II

"Did the Court err in not granting Appellant a hearing on the Petition.

III

"Were Appellant's constitutional rights to due process of law violated when the state failed to comply with discovery in the Appellant's trial.

IV

"Was Appellant denied due process of law when the Court imposed a criminal sentence which was disproportionate to the crime."

We will affirm.

Appellant Charles Arthur Pote was convicted in 1983 by a Park County jury of numerous crimes, and on September 30, 1983, appellant was sentenced as follows:

"Count I, aiding and abetting second-degree murder, in violation of § 6–4–104, W.S.1977. Count II, aiding and abetting attempted second-degree murder, in violation of § 6–4–104, W.S.1977. Count III, unlawful possession of deadly weapon with intent to threaten, in violation of § 6–1–101, W.S.1977, a single sentence of life imprisonment at the Wyoming State Penitentiary, with eligibility for parole after serving twenty-five years and a fine of $41,000.

"Count V, attempted first-degree murder of a police officer, in violation of § 6–4–101, W.S.1977, a sentence of life imprisonment without parole, such sentence to be served consecutive to the sentence imposed on Counts I, II and III, and a fine of $1,000.

"Count VI, concealing stolen goods, in violation of § 6–7–304, W.S.1977. Count VIII, concealing stolen goods, in violation of § 6–7–304, W.S.1977, a single sentence of ten years at the Wyoming State Penitentiary, with eligibility for parole after having served seven years and six months, said sentence to be served consecutive to the sentences previously imposed, and a fine of $1,000.

"Count VII, criminal trespass, a sentence of three months in the Park County jail in Cody, Wyoming, and a fine of $750. Appellant received 92 days credit against this sentence."

Subsequently, this court affirmed appellant's 1983 conviction and sentence. See *Pote v. State*, Wyo., 695 P.2d 617 (1985).

On September 17, 1985, appellant filed a petition for post-conviction relief. On March 31, 1986, Mr. Pote's petition for post-conviction relief was denied by the district court and this appeal from the district court's order of denial followed.

In appellant's 24–page petition for post-conviction relief he attempts to identify numerous circumstances that denied him a

fair and impartial trial in 1983. Generally, these matters were urged by appellant in his original appeal or could have been and should have been brought to our attention in the first instance.

## I

The main thrust of this appeal is that it was error for the district judge to refuse to disqualify himself from hearing and determining appellant's petition for post-conviction relief.

■ Although appellant sometimes speaks of peremptory disqualification, his remedy if any, is under Rule 23(e), Wyoming Rules of Criminal Procedure, "Disqualification for cause." He exercised his peremptory disqualification against Judge Dixon before his 1983 trial. The petition here for post-conviction relief is the same case (*State ex rel. Hopkinson v. District Court, Teton County, Wyo.*, 696 P.2d 54 (1985)), and appellant is not entitled to an additional peremptory disqualification.

Appellant persists in the perverse notion that he can try to create bias and prejudice by his own conduct and then disqualify the trial judge. For example, before the original trial in 1983 appellant attempted to disqualify Judge Nicholas from conducting the trial. He had previously exercised a peremptory disqualification of Judge Dixon. In support of his motion to disqualify the trial judge appellant filed an affidavit. In the affidavit he vilified Judge Nicholas at great length, and in conclusion, stated that if Judge Nicholas was not prejudiced against him before the affidavit, he would be now after reading it. In the present case appellant appears to be trying to do the same thing.

On October 7, 1985, appellant filed a motion to disqualify Judge Nicholas from hearing his petition for post-conviction relief. He based his motion on:

1) Material in the record and court file.
2) Material alleged in his petition for post-conviction relief.
3) Appellant's pending grievance against Judge Nicholas before the Wyoming Bar Association and the Judicial Ethics Committee [sic].
4) Anticipated federal litigation by appellant against Judge Nicholas.

The circumstances referred to in appellant's petition, more than two dozen in number, occurred before his trial, during trial, before and at sentencing or while he was in the Park County jail, some of which had nothing to do with Judge Nicholas. These allegations are not supported by affidavits or depositions, are conclusionary, and some are irrelevant and argumentative. Furthermore, the great bulk of these allegations were considered by the court in connection with one of appellant's issues in his original appeal.

Appellant asks this court to search the record for materials which he claims will demonstrate that Judge Nicholas was biased and prejudiced. The record consists of 221 pages and contains separate documents. Most of these entries are copies of letters and other communications authored by appellant, and apparently sent to various and sundry people. For example, there is a letter to the President of the United States with receipt requested, and also, a petition requesting that appellant be granted asylum in absentia and recognized as a political prisoner. The record on appeal mainly consists of numerous copies of letters to the Governor of the State of Wyoming, the Wyoming Supreme Court, Judge Nicholas, Judge Dixon, and others.

Appellant's petition for post-conviction relief with respect to Judge Nicholas' bias and prejudice are merely bare allegations unsupported by affidavits, depositions or any other evidence that may be admissible at a hearing. The myriad of letters and other communications in the record do not support the allegation in the petition.

Appellant's petition is patently insufficient and does not comply with Rule 23(e), Wyoming Rules of Criminal Procedure, which provides:

"Disqualification for cause.—Whenever the grounds for such motion [motion for disqualification] become known, the state or the defendant may move for a change

of district judge on the ground that the presiding judge is biased or prejudiced against the state, the prosecuting attorney, the defendant or his attorney. The motion shall be supported by an affidavit or affidavits of any person or persons stating sufficient facts to show the existence of such ground. Prior to a hearing on the motion any party may file counter-affidavits. The presiding judge shall rule on the motion, and if he grants the same shall immediately call in another district judge to try the action. A ruling on a motion for change of district judge shall not be an appealable order, but the ruling shall be entered on the docket and made a part of the record, and may be assigned as error in an appeal of the case."

■ Appellant has not demonstrated to us that Judge Nicholas was biased and prejudiced and should have been disqualified from hearing the motion for post-conviction ruling. He has merely brought to our attention a mass of vexatious materials created by him, directed to Judge Nicholas. Appellant apparently asks us to conclude that these materials, designed to rile the district judge, resulted in him being biased and prejudiced. This we cannot do. Appellant has not met his burden.

■ The "bias" which is a ground for disqualification of a judge must be personal. Such conditions must exist which reflect prejudgment of the case by the judge or a leaning of his mind in favor of one party to the extent that his decision in the matter is based on grounds other than the evidence placed before him. *Cline v. Sawyer*, Wyo., 600 P.2d 725 (1979).

Appellant has the burden to demonstrate that the judge was biased and prejudiced. He has failed in that burden.

## II

■ In appellant's second issue on appeal he complains that it was error for the district judge to act on his petition for post-conviction relief without an evidentiary hearing. The statutes pertinent to this issue provide in part:

"Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming, or both, may institute proceedings under this act [§§ 7–14–101 to 7–14–108]. * *" § 7–14–101, W.S.1977.

"* * * The petition shall have attached thereto affidavits, records, or other evidence supporting the allegations or shall state why the same are not attached. The petition shall identify any previous proceedings that the petitioner may have taken to secure relief from his conviction. Argument, citations, and discussion of authorities shall be omitted from the petition." § 7–14–102, W.S.1977.

"The court may receive proof by affidavits, deposition, oral testimony, or other evidence. In its discretion the court may order the petitioner brought before the court for the hearing. * * *" § 7–14–106, W.S.1977.

The post-conviction procedure set forth in the statutes does not require a formal hearing nor does it require that the petitioner be brought before the court. Whether a formal hearing is held or a petitioner is brought personally before the court depends on the circumstances of each case. *Bibbins v. State*, Wyo., 696 P.2d 1300 (1985).

A petition is properly denied without an evidentiary hearing where it contains only bald allegations and conclusions with no supporting factual materials. *Boggs v. State*, Wyo., 484 P.2d 711 (1971). Therefore, in order to be entitled to an evidentiary hearing on a petition for post-conviction relief the petition must contain more than naked allegations and conclusions and documents. Petitioner must plead a substantial claim and demonstrate how the allegations can be proven. *Hopkinson v. State*, Wyo., 696 P.2d 54 (1985).

Appellant states in his petition that police officers instructed witnesses not to speak with the defense. He does not say who

these witnesses are, what they could testify to, nor whether or not they testified at his trial. Mr. Pote contends that a material witness, his wife, Connie Pote, was harassed and run out of town because she would not lie to the jury. Appellant further contends that while in the Park County Jail his telephone conversations were recorded and mail censored. He also states that while in jail he was subjected to physical torture.

The only material in support of appellant's petition is the affidavit of Connie Pote. In her affidavit Connie Pote said it was she rather than appellant who did some of the criminal acts for which appellant was charged and that Mr. Pote was totally innocent. She testified on behalf of appellant at his 1983 trial and testified to some of the matters now set out in her affidavit. At trial she was not inhibited from testifying to anything appellant asked her.

It would be a curious procedure to allow appellant to produce part of his exculpatory evidence at trial, but save some for post-conviction relief in the event he was not successful at trial. Obviously appellant knew as much about Connie Pote's testimony before and at trial as he does now, and he does not contend otherwise. So far as we can tell, if an evidentiary hearing were held, appellant could do no more than testify orally to the same things contained in his petition.

In summary, appellant's petition is comprised of naked allegations and conclusions unsupported by depositions or affidavits nor does he tell us how his allegations could be proven. Hence, the trial judge did not abuse his discretion by not affording appellant an evidentiary hearing.

### III

 In his third issue appellant states that he was denied due process of law when the prosecution failed to comply with the court's order to disclose all discovery material. This same issue was raised and discussed in Mr. Pote's first appeal, *Pote v. State*, supra, at 624. However, in the present appeal he focuses on the due process clause of the Fourteenth Amendment to the United States Constitution. In his first appeal appellant made a due process argument, albeit cursory. He now cites additional cases in support of the same argument, relying primarily in this appeal on the case of *Brady v. State of Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).[1]

It is universally recognized that post-conviction relief is not a substitute for an appeal and the petition will not lie where the matters alleged as error could or should have been raised in an appeal or in some other alternative manner. *Munoz v. Maschner*, Wyo., 590 P.2d 1352 (1979).

The post-conviction statute does not give an appellant the right to have his cases tried over, and may not be employed as a substitute for an appeal. Issues disposed of in a previous appeal from the judgment of conviction are res judicata as to subsequent post-conviction proceedings. The Wyoming post-conviction statute does not afford relief from alleged errors for which remedies were available before and during the original trial. *Johnson v. State*, Wyo., 592 P.2d 285 (1979), cert. denied sub nom, 442 U.S. 932, 99 S.Ct. 2864, 61 L.Ed.2d 300 (1979).

Appellant has not met his burden to show that he has been denied constitutional safeguards, nor has he demonstrated that we should depart from or modify that which was said in his first appeal.

### IV

In appellant's fourth issue on appeal he contends that he was denied due process of law when the trial court imposed a criminal

---

1. In *Brady,* the court said:
 "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt
 or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. State of Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–1197, 10 L.Ed.2d 215, 218 (1963).

sentence which was disproportionate to the crime.

Appellant was convicted of six felonies and one misdemeanor, and received four separate sentences. The court considered several of the offenses to have merged, resulting in single sentences for several convictions.

The court imposed a single sentence of life imprisonment, with eligibility for parole after serving twenty-five years and a fine of $1,000, for aiding and abetting second-degree murder, aiding and abetting attempted second degree murder and unlawful possession of a deadly weapon with intent to threaten. Also, for attempted first-degree murder of a police officer, the court imposed a sentence of life imprisonment without parole, and a fine of $1,000. Additionally, the court imposed a single sentence of ten years imprisonment, with eligibility for parole after seven years and six months, and a fine of $1,000, for two concealment crimes. In each instance, the sentence imposed was the maximum permitted by law for the offense involved and the sentences were to be served consecutively.

In his original appeal appellant contended that his sentence was unlawful but he did not specifically raise the issue that his sentence was disproportionate to the crimes for which he was convicted.

Appellant's position with respect to this issue is not unlike his position in the last issue, that is, the discovery issue. In this issue he attacks the propriety of his sentence, but his focus is different than was his focus in his first appeal. Again, we repeat, that the law does not allow an appellant to assert some issues in his direct appeal and save some to be raised as post-conviction issues if he fails in his direct appeal. We know of no authority to support such procedure.

Appellant does not contend that he could not have raised the proportionality issue in his first appeal and obviously he could have and should have. We hold that failure to properly raise the proportionality issue on direct appeal is a bar to its being raised in a post-conviction relief proceeding. *Hoggatt v. State*, Wyo., 606 P.2d 718 (1980); and *Munoz v. Maschner*, supra.

In the proportionality issue appellant relies principally on *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In that case the court said:

" * * * We agree, therefore that, '[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare,' * * *. This does not mean, however, that proportionality analysis is entirely inapplicable to non-capital cases.

"In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is *per se* constitutional. * * * " *Id.*, 463 U.S. at 289–290, 103 S.Ct. at 3009–3010, 77 L.Ed.2d at 649.

*Solem v. Helm*, supra, was far different than the case before us now. In that case the defendant was convicted in a South Dakota trial court of uttering a "no account" check in the sum of $100. For this horrible crime defendant was sentenced to life imprisonment without possibility of parole. A sentence of this magnitude resulted because of South Dakota's recidivist statute. The defendant had been convicted six times before for crimes the United States Supreme Court characterized as nonviolent. The United States Supreme Court held that this sentence was disproportionate to the crime committed. The Court also extended the proportionality analysis to noncapital cases, and in effect, held that any sentence of imprisonment is subject to proportionality scrutiny.

In the case before us, unlike *Solem v. Helm*, supra, the convictions resulting in

two consecutive life sentences were crimes of violence, resulting in one death and others placed in danger of being killed.

██ Giving substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts are afforded, we cannot determine that the sentences imposed in this case were disproportionate to the crimes for which he was convicted.

We have carefully considered the four issues raised on appeal. We cannot say that appellant was denied a fair trial or was not afforded due process in the first instance or with respect to his petition for post-conviction relief.

Affirmed.

URBIGKIT, J., filed a dissenting opinion.

URBIGKIT, Justice, dissenting.

I dissent.

I would reverse to give an actual hearing before another judge. The decision in *State ex rel. Hopkinson v. District Court, Teton County*, Wyo., 696 P.2d 54 (1985) is founded on neither compelling precedent nor adjudicatorily fair logic. Present application of the Hopkinson rule to any later case is not acceptable to me.

If the contentions of the defendant in the statutorily provided and constitutionally premised proceedings of § 7–14–101, et seq., W.S.1977, are legally unsustained or factually unsupported, society is not at risk in providing a fair and adequate hearing by an impartial jurist.

I would reverse and re-assign to another judge in accord with the philosophy of the statute, Ch. 63, S.L. of Wyoming 1961:

"AN ACT to provide a remedy for persons convicted and imprisoned in the penitentiary, who assert that rights guaranteed to them by the Constitution of the United States or the State of Wyoming, or both, have been denied or violated in proceedings in which they were convicted."

See Art. I, §§ 6, 8, and 14 of the Wyoming Constitution, and Amendments V, VIII, and XIV of the United States Constitution.